IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NANCY HALL, individually and as the : CIVIL ACTION - LAW
Representative and Administratrix of the :
Estate of TOMMY HALL, deceased, :
her husband, :
: NO. 1:CV-01-1265
          Plaintiff, :
vs. :
:
CUNA MUTUAL GROUP; CUNA :
MUTUAL INSURANCE SOCIETY, : JURY TRIAL DEMANDED
:
          Defendants. :

FILED
HARRISBURG
JUL 09 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## COMPLAINT

Plaintiff, Nancy Hall, individually and as the Administratrix and Representative of the Estate of her deceased husband, Tommy Hall, hereby brings a Complaint against each of the Defendants, and avers as follows:

1.  Nancy Hall is an adult individual who resides in Pennsylvania, and within the Middle District of Pennsylvania.

2.  Nancy Hall is the Administratrix and personal representative of the Estate of Tommy Hall, her deceased husband, and the Estate and all Estate matters have been raised within the Middle District of Pennsylvania.

3.  All of the events which give rise to the instant complaint took place between the Plaintiff in the Middle District of Pennsylvania and each of the Defendants, by and through their office at 5910 Mineral Point Road, Madison, Wisconsin.

4.  Accordingly, Plaintiff avers and believes that each of the Defendants are entities

domiciled in Madison, Wisconsin.

5. The Pennsylvania Corporation Bureau has provided a service address in Pennsylvania at 407 Parkway Drive, Erie, Pennsylvania, 16511, but has indicated that no CUNA service agents are registered in Pennsylvania.

6. Accordingly, and for these reasons, Plaintiff believes and avers that there is complete diversity of citizenship between the Plaintiff and each of the Defendants.

7. The amount in controversy exceeds $100,000 and, accordingly, the Middle District of Pennsylvania is vested with diversity jurisdiction over this case.

8. On or about November 18, 1998, Mr. and Mrs. Hall completed a "Member's Home Mortgage Protection II Application." That application bore Certificate No. 32534 and was filled out truthfully and accurately by Mr. and Mrs. Hall.

9. Home mortgage insurance was purchased in the amount of $56,000 as stated on the Home Mortgage Protection Application. The lender, Patriot Federal Credit Union, completed a portion of the application indicating that the loan for the home closed on November 18, 1998 and the loan effective date was January 1, 1999.

10. At the time the application was made, Mr. and Mrs. Hall believed that Mr. Hall was in good health without any significant medical problems.

11. Prior to the application being filled out, in 1993, Mr. Hall had had a mole removed from his back and the doctor reported to him at that time that there were no medical problems associated with the mole and that he was in good health.

12. Effective January 1, 1999, CUNA Mutual Group and CUNA Mutual Insurance Society issued a coverage schedule and a policy for mortgage insurance in the initial amount of decreasing term life of $55,951.79. This coverage and policy bore Certificate No. 00032534 and

037-1485-6.

13. The policy was effective January 1, 1999.

14. On November 4, 1999, Mrs. Hall, through the Patriot Federal Credit Union Member Service representative, submitted a home mortgage insurance claim notice. On that notice, Mrs. Hall indicated that she was submitting a death claim effective November 4, 1999 for loan payments due following her husband's death.

15. Mr. Hall died on November 4, 1999 as a result of a fast-growing metastatic melanoma.

16. Prior to Mr. Hall's death, Mr. and Mrs. Hall only became aware of the melanoma in early 1999.

17. In conjunction with the claim process, Dr. David Weinreich of Bethesda, Maryland, provided an Attending Physician's Statement wherein he indicated that Mr. Hall's first symptoms appeared in January, 1999.

18. Dr. Weinreich further indicated that the patient had never before had the same or similar condition and that the diagnosis was metastatic melanoma.

19. The doctor indicated that the date of the first visit was in January, 1999 and the last visit at the time he filled out the Attending Physician's Statement was September 30, 1999.

20. The doctor further indicated that the melanoma was a rapidly-progressive disorder and that the patient had not been hospitalized up to that point.

21. Despite a truthful application and the issuance of a Certificate of Insurance, CUNA Mutual Group and CUNA Mutual Insurance Company wrongfully denied payments and benefits under the policy.

22. After Mr. Hall died, each of the Defendants wrongfully refused to pay benefits

under the policy.

23. In a letter dated February 10, 2000, the Defendants indicate that they were denying benefits because Mr. Hall had visited a doctor in 1993. In the February 10, 2000 letter, the Defendants state that no benefits will be paid on this contract either now or in the future.

24. In wrongfully denying benefits under the contract, and without proper and thorough investigation, the Defendants breached their contract with the Halls, breached an implied covenant of good faith and fair dealing, were negligent in their handling of the claim process, and intentionally denied benefits at a time when the Defendants each knew that benefits were required to be paid under the policy.

25. In addition, on February 22, 2000, the Defendants wrote to Mrs. Hall and indicated, wrongfully, negligently, wantonly, carlessly and recklessly that they were reporting her to the Pennsylvania Insurance Fraud Section.

26. As a result of the Defendants breach of contract, intentional and negligent misrepresentations, negligence, fraud, deceit, violations of their duties of good faith and fair dealing, Mrs. Hall and the Estate lost the family residence, was mentally and emotionally traumatized, suffered mental anguish and torment and, because of financial necessities resulting from the Defendant's wrongful conduct, is working as a live-in maid, and claim is made for each and every loss.

WHEREFORE, Plaintiffs seek judgment against the Defendants for compensatory and punitive damages, as allowed by law, and in an amount in excess of $200,000.00

Respectfully submitted

DATE: 7/2/01

*[signature: Stephen Pedersen]*

Stephen R. Pedersen, Esq.
214 Senate Avenue, Suite 602
Camp Hill, PA 17011
(717) 763-1170
I. D. No. 72026
(Co-counsel for Plaintiffs)

AND

Catherine Mahady-Smith, Esq.
3115-A N. Front Street
Harrisburg, PA 17110
(Co-counsel for Plaintiffs)