IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Nancy Hall, individually and as the Representative and Administratrix of the Estate of Tommy Hall, deceased, her husband,<br>Plaintiff | : | CIVIL ACTION - LAW |
| v. | : | 1:01-CV-1265 |
| Cuna Mutual Group, Cuna Mutual Insurance Society,<br>Defendants | : | Judge Sylvia H. Rambo |

FILED
HARRISBURG
SEP 0 5 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendants CUNA Mutual Group and CUNA Mutual Insurance Society ("CUNA") hereby answers the Complaint in this matter as follows:

1.      Denied. CUNA is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph, and the same are therefore denied.

2.      Denied. CUNA is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph, and the same are therefore denied.

3.      Admitted in part and denied in part. It is admitted that CUNA maintains offices at 5910 Mineral Point Road, Madison, Wisconsin. CUNA is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments set forth in this paragraph, and the same are therefore denied.

4.      Admitted in part and denied in part. It is admitted that CUNA has offices in Madison, Wisconsin. CUNA is without knowledge or information sufficient to form a belief as

to the domiciliary state of Plaintiff. Furthermore, this paragraph contains conclusions of law that require no response.

5.  CUNA is without knowledge or information concerning what the Pennsylvania Corporation Bureau has conveyed to Plaintiff. This paragraph is therefore denied.

6.  This is a legal conclusion which requires no response.

7.  Denied. The amount in controversy in this matter does not exceed the threshold for diversity jurisdiction. It is denied that the Middle District of Pennsylvania is vested with diversity jurisdiction in this case.

8.  Admitted in part and denied in part. It is admitted that Tommy Bob Hall and Nancy M. Hall completed and signed a Members Home Mortgage Protection II Application which is dated November 18, 1998 (the "Mortgage Application"). It is further admitted that the Mortgage Application bears Certificate No. 32534. It is denied that the Halls were truthful and accurate in filling out the Mortgage Application. Specifically, question 1 of Section B of the Mortgage Application states:

> "Have you ever been treated for or diagnosed by a member of the medical profession as having any of the following: . . . cancer . . . ."

Both Mr. and Mrs. Hall checked the "no" box in response to this question. Contrary to this assertion, Mr. Hall had previously been diagnosed with and treated for cancer.

9.  Admitted that this paragraph accurately states information contained on the Mortgage Application.

10.  CUNA is without knowledge or information sufficient to form a belief as to what Mr. and Mrs. Hall "believed" as to Mr. Hall's health. This paragraph is therefore denied. Further, whether Mr. or Mrs. Hall believed that Mr. Hall was in good health at the time the application was signed is immaterial to this action. The Mortgage Application does not ask

- 2 -

whether the applicant believes that he or she is currently in good health. The question on the application seeks disclosure of whether the applicant has ever been treated for the conditions specified, including cancer.

11. Admitted in part and denied in part. It is admitted that, prior to filling out the Mortgage Application, Mr. Hall had been diagnosed with and treated for a "malignant mole (or melanoma) removed from his back in 1993." CUNA is without knowledge or information sufficient to form a belief as to the truth of the averment that Mr. Hall's doctor reported to him that there were "no medical problems associated with the mole and that he was in good health," and this averment is therefore denied. Furthermore, CUNA avers that whether Mr. Hall was in good health prior to the application is immaterial. CUNA incorporates its response to Paragraph 10, above, as if set forth in full.

12. Admitted.

13. Admitted.

14. Admitted, with the exception that the Home Mortgage Insurance Claim Notice was submitted on or about November 10, 1999, not November 4, 1999.

15. Admitted that the death certificate indicates that Mr. Hall died on November 4, 1999 as a result of a "metastatic melanoma."

16. CUNA is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and the same are therefore denied.

17. Denied. This paragraph references a writing which speaks for itself.

18. Denied. CUNA incorporates herein by reference its answer to Paragraph 17, above, as if set forth in full.

19.   Denied. CUNA incorporates its answers to Paragraphs 17 and 18, above, as if set forth in full.

20.   Denied. CUNA incorporates by reference its answers to Paragraphs 17, 18, and 19, above, as if set forth in full.

21.   Denied. It is denied that Tommy Hall and Nancy Hall submitted a truthful application for mortgage insurance. It is further denied that CUNA wrongfully denied payment of the claim under the policy. It is admitted that CUNA denied payment under the policy. CUNA's denial of payment was lawful and proper.

22.   Denied. It is denied that CUNA wrongfully refused to pay benefits. It is admitted that CUNA refused to pay benefits. CUNA's refusal to pay benefits was lawful and proper.

23.   Denied. The averments of this paragraph refer to a writing, which speaks for itself. Moreover, this paragraph mischaracterizes the contents of the writing. The letter of February 10, 2000 indicates that CUNA is rescinding the policy due to Mr. Hall's failure to reveal his diagnosis of and treatment for cancer in 1993. The letter states: "had we known about the medical condition revealed during that visit, we would not have accepted the application or issued a certificate of insurance."

24.   This paragraph contains legal conclusions which require no response. If a response is deemed required, it is denied that CUNA breached the insurance agreement, breached any implied covenant of good faith and fair dealing, were negligent in handling of the claim process, or that CUNA intentionally denied benefits when it knew that benefits were required to be paid under the policy.

25.   Admitted in part and denied in part. It is admitted that, by letter dated February 22, 2000, CUNA advised Mrs. Hall that "due to the nature of this, we are required to

inform the Pennsylvania Insurance Fraud Section of this matter." The remaining averments of this paragraph are denied.

26.     This paragraph contains legal conclusions which require no response. If a response is deemed required, all of the averments of this paragraph are specifically denied. Furthermore, the claims for damages are specifically denied.

WHEREFORE, Defendants CUNA Mutual Group and CUNA Mutual Insurance Society Request that this matter be dismissed, and that they be awarded costs of suit.

### Affirmative Defense No. 1

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Affirmative Defense No. 2

When false information is provided on an insurance application, the insurer may properly rescind the coverage that was provided based upon the false application.

### Affirmative Defense No. 3

This Court lacks subject matter jurisdiction over the claims of Plaintiff because the claims do not exceed the jurisdictional limits of this Court.

### Affirmative Defense No. 4

CUNA is immune from suit as a result of reporting suspected insurance fraud to the Insurance Fraud Section of the Attorney General's office. See, 40 P.S. § 3701-507.

### Affirmative Defense No. 5

Plaintiff's Complaint fails to state a claim upon which relief can be granted as to the claim that CUNA wrongfully made a report to the Insurance Fraud Section.

### Affirmative Defense No. 6

Plaintiff has failed to set forth any alleged damages as a result of the alleged wrongful reporting of a claim to the Insurance Fraud Section.

### Affirmative Defense No. 7

Plaintiff's Complaint fails to state a claim for breach of contract.

### Affirmative Defense No. 8

Plaintiff's Complaint fails to state a claim for intentional or negligent misrepresentation.

### Affirmative Defense No. 9

Plaintiff's Complaint fails to state a claim for negligence.

### Affirmative Defense No. 10

Plaintiff's Complaint fails to state a claim for fraud or deceit.

### Affirmative Defense No. 11

Plaintiff's Complaint fails to state a claim for violations of any duty of good faith or fair dealing.

### Affirmative Defense No. 12

CUNA's alleged wrongful conduct, which is denied, is not the legal cause of Plaintiff's alleged damages.

**Affirmative Defense No. 13**

Plaintiff cannot recover for alleged emotional trauma or mental anguish and torment under the facts set forth in the Complaint.

McNEES WALLACE & NURICK LLC

By *Michael R. Kelley*
Michael R. Kelley
Charles T. Young
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
(717) 237-5322

Attorneys for Defendants
CUNA Mutual Group and CUNA Mutual
　Insurance Society

Dated: 9/5/01

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a true and correct copy of the foregoing document was served by first-class mail, postage prepaid, upon the following counsel of record.

Stephen R. Pedersen, Esquire
214 Senate Avenue, Suite 602
Camp Hill, PA  17011

Catherine Mahady-Smith, Esquire
3115-A N. Front Street
Harrisburg, PA  17110

_____
Michael R. Kelley

Attorney for Defendants
CUNA Mutual Group and CUNA Mutual
    Insurance Society

Dated: 9/5/01