Stephen R. Pedersen, Esquire
214 Senate Avenue, Suite 602
Camp Hill, PA 17011
(717) 763-1170

Catherine Mahady-Smith, Esquire
3115-A N. Front Street
Harrisburg, PA 17110
(717) 236-6012

Attorneys for Plaintiff


Michael R. Kelley, Esquire
McNEES WALLACE & NURICK LLC
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
(717) 237-5322

Attorneys for Defendant

**ORIGINAL**




FILED
HARRISBURG

OCT 31 2001

MARY E. D'ANDREA, CLERK
Per _____
        Deputy Clerk


IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Nancy Hall, individually and as the Representative and Administratrix of the Estate of Tommy Hall, deceased, her husband,<br>　　　　　　Plaintiff | : CIVIL ACTION - LAW<br>:<br>:<br>:<br>: |
| v. | : 1:01-CV-1265<br>: |
| Cuna Mutual Group, Cuna Mutual Insurance Society,<br>　　　　　　Defendants | :<br>:<br>: Judge Sylvia H. Rambo |

JOINT CASE MANAGEMENT PLAN

Instructions: In many cases there will be more parties in the action than there are spaces provided in this form. Each party shall provide all requested information. If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan. Disagreements among parties with respect to any of the matters below shall set be set forth in the appropriate section.

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

**1.  Principal Issues**

    1.10   Separately for each party, please give a statement summarizing this case:

    By plaintiff(s):

    Defendants breached an insurance contract when they improperly denied insurance benefits under a homeowner's policy, following the insured's death. They engaged in bad faith insurance practices when they denied coverage and reported the matter as insurance fraud when they had not completely and properly investigated the claim. Insurance benefits are due under the contract, as well as consequential and punitive damages. As a result of the improper denial of coverage, the Plaintiff lost her home and was required to work as a live-in maid after her husband's death.

    By defendant(s):

    On November 18, 1998, Plaintiffs submitted an application for life insurance on a mortgage obligation to CUNA. In the application, Plaintiffs denied that they had "ever been treated for or diagnosed … as having … cancer." Based on the application, CUNA accepted the coverage. Plaintiff Tommy Hall died on November 4, 1999 from a metastatic melanoma (cancer). Because Hall died within the contestability period, CUNA performed an investigation of Hall's death. The investigation revealed that Hall's doctors repeatedly stated that Hall had been diagnosed with and treated in 1993 for a "malignant mole", or "melanoma." CUNA determined that had the Halls revealed this information in their application for insurance, the coverage would have been denied. CUNA thereafter rescinded the policy.

    The principal <u>factual</u> issues that the parties

    <u>dispute</u> are:

    1.11   Whether the insurance company conducted a proper investigation of a claim for benefits.

    1.12   Whether the insurance company failed to adhere to accepted standards of insurance practice in denying benefits under the circumstances.

1.13 Whether the insurance company failed to adhere to its own protocols and procedures under the circumstances.

1.14 Whether the Halls know or should have known that Tommy Hall was diagnosed or treated for cancer prior to November 18, 1998.

agree upon are:

1.20 Mr. and Mrs. Hall were insureds under CUNA Mutual policy certificate number 32534.

1.21 CUNA Mutual had in their claim file at the time of their decision concerning the policy the 1993 pathology report from Chambersburg Hospital.

1.22 The action taken by CUNA to notify the Halls that no benefits would be paid was sent on February 10, 2000.

1.23 The application for insurance was submitted on November 18, 1998.

1.24 Tommy Hall died on November 4, 1999.

1.25 Tommy Hall had surgery to remove a mole from his back/shoulder in April, 1993.

1.30 The principal legal issues that the parties

dispute are:

1.31 Whether CUNA Mutual breached an insurance contract

1.32 Whether CUNA Mutual breached implied contractual covenants with the Halls.

1.33 whether CUNA Mutual negligently handled the Hall's insurance claim.

1.34 Whether CUNA Mutual engaged in bad faith insurance practices or otherwise failed to fulfill its duty of good faith and fair dealing with respect to its insured.

1.35 Whether plaintiffs are entitled to punitive and exemplary damages under the circumstances and costs, interest, expenses and attorneys' fees.

agree upon are:

1.40 None.

1.50 Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

    1.51    None currently known.

    1.52    CUNA asserts that the Court lacks subject matter jurisdiction because this diversity action involves an amount of money which is below the threshold for diversity jurisdiction.

1.60    Identify any named parties that have not yet been served:

    See Paragraph 1.51, above.

    None.

1.70    Identify any additional parties that:

    plaintiff(s) intends to join:  none currently known.

    defendant(s) intends to join:  none currently.

    CUNA may join one or more of Plaintiff Tommy Hall's doctors, but cannot make such determination until discovery of the information and testimony of such doctors is complete.

1.80    Identify any additional claims that:

    plaintiff(s) intends to add:

    Additional claims for bad faith following the disclosure of additional discovery supportive of the claim. Amend damage calculations for punitive damage claim.

    defendant(s) intends to add:  None.

**2.0**    **Alternative Dispute Resolution ("ADR")**

    2.10    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

    ADR procedure

    Date ADR to be commenced
    Date ADR to be completed

        None

2.20  If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:   N/A

2.30  If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

2.31   All parties desire trial by jury. Advisory ADR will not resolve the dispute.

**3.0   Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: __ Y  _X_ N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

____ Scranton
____ Wilkes-Barre
____ Harrisburg

**4.0   Disclosures**

4.100  Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

4.101 Disclosed by Plaintiff:

| | Name | Title/Position |
|---|---|---|
| 4.102 | Tommy Hall | Deceased insured |
| 4.103 | Nancy Hall | Surviving widow, insured, Plaintiff |
| 4.104 | All treating doctors and home health care providers from 1986 to the date of death. | |

4.151 Disclosed by Defendant:

| | Name | Title/Position |
|---|---|---|
| 4.152 | Thomas J. Ansfield | Medical Director, CUNA |

{A299011:}
-5-

|       |                     |                    |
|-------|---------------------|--------------------|
| 4.153 | Brenda Larson       | Underwriter, CUNA  |
| 4.154 | Ernest Charlesworth | Hall physician     |
| 4.155 | James M. Chicklo    | Hall physician     |
| 4.156 | William Sharfman    | Hall physician     |
| 4.157 | James Hurley        | Hall physician     |
| 4.158 | Michael R. Cashdollar | Hall physician   |

4.200   Separately for each party, describe by <u>categories</u> the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

4.201 Categories of documents disclosed by Plaintiff:

    4.202   Pleadings and discovery in underlying medical action.

    4.203   Deposition transcripts in underlying medical action.

    4.204   Hall medical records, photos and deposition video.

    4.205   Correspondence in medical malpractice action.

4.251 Categories of documents disclosed by Defendant:

    4.252   Claims investigation file.

    4.253   Policy information.

    4.254   Correspondence re claims investigation and rescission of policy.

    4.255   Similar cases where coverage denied.

4.300   <u>Additional Documents Disclosures</u>: Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

4.301 Additional categories of documents Plaintiffs will disclose:

{A299011:}

       4.302    All insurance policies in effect at time of death

       4.303    Employment records.

4.351 Additional categories of documents Defendants will disclose:
None.

4.400  Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:

4.401 plaintiff's calculation of damages:

| | |
|---|---|
| Contractual Amount: | $ 56,000.00 |
| Consequential Damages: | in excess of $ 3,000,000.00 |
| Punitive Damages: | in excess of $10,000,000.00 |
| Costs, Interest, Expenses and Attorneys' Fees: | in excess of $ 1,000,000.00 |

4.402 defendant's calculation of offset:

To be supplied, if applicable.

4.403 counter claimant/third party claimant's calculation of damages:

## 5.0    Motions

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

<u>Nature of Motion</u>                <u>Moving Party</u>  <u>Anticipated Filing Date</u>

None currently anticipated.

## 6.0    Discovery

6.100  Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s):

The parties have exchanged all documents in their possession which relate to the case, including Plaintiff's medical malpractice file and Defendant's claim file.

{A299011:}
- 7 -

Depositions of key insurance witnesses are taking place on November 1, 2001 in Madison, Wisconsin.

By defendant(s):

Disclosures pursuant to Rule 26.

6.200 Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

All parties and disclosed witnesses will be deposed to obtain information relating to the incident and the alleged damages.

Depositions of:  Dr. Ansfield
  Brenda Larson
  Michael Stel
  Ernest Charlesworth
  James Chicklo
  Michael Cashdollar
  William Sharfman
  Nancy Hall

6.300 Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

Plaintiffs anticipate taking further depositions concerning the punitive damage claims and claims of bad faith insurance practices.

6.400 Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

Personal information in "similar case" documents supplied by CUNA should be redacted.

6.500 For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later ....modification by stipulation or court order on an appropriate showing (where the parties cannot

{A299011:}

- 8 -

agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

6.501 depositions (excluding experts) to be taken by:

    plaintiff(s): __20__    defendant(s): __20__

6.502 interrogatories to be served by:

    plaintiff(s): __40__    defendant(s): __40__

6.503 document production requests to be served by:

    plaintiff(s): __30__    defendant(s): __30__

6.504 requests for admission to be served by:

    plaintiff(s): __20__    defendant(s): __20__

6.600    All discovery commenced in time to be completed by: June 30, 2002

6.700    Reports from retained experts due:

    from plaintiff(s) by July 30, 2002
    from defendant(s) by August 30, 2002

6.800    Supplementations due September 30, 2002

**7.0    Protective Order**

7.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order.

7.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

    None contemplated at present.

**8.0    Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

    8.01        Plaintiffs:

                      Stephen R. Pedersen
                      214 Senate Avenue, Suite 602
                      Camp Hill, PA 17011
                      (717) 763-1170

    8.02        Defendants:

                      Mark Richardson, Counsel
                      CUNA Mutual

                      Michael R. Kelley
                      100 Pine Street
                      Harrisburg, PA 17108
                      717-237-5322

**9.0**    **Scheduling**

    9.1        This case may be appropriate for trial in approximately:

                ___ 240 Days from the filing of the action in this court

                _X_ 365 Days from the filing of the action in this court

                ____ Days from the filing of the action in this court

    9.2        Suggested Date for Trial:

                __November, 2002__ (month/year)

    9.3        Suggested Date for the final Pretrial Conference:

                _November, 2002 [September, 2002]_ (month/year)

    9.4        Final date for joining additional parties:

          <u>June 30, 2002</u>    Plaintiff(s)

          <u>June 30, 2002</u>    Defendants(s)

9.5    Final date for amending pleadings:

       <u>June 30, 2002</u>    Plaintiff(s)

       <u>        </u>    Defendants(s)

9.6    All potentially dispositive motions should be filed by:

     <u>July 30, 2002</u>

**10.0    Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

    None.

**11.0    Identification of Lead Counsel**

Identify by name, address, and telephone number lead counsel for each party

        **Plaintiff**

        Stephen R. Pedersen
        214 Senate Avenue, Suite 602
        Camp Hill, PA 17011
        (717) 763-1170

        Catherine Mahady-Smith

        **Defendants**

        Michael R. Kelley
        McNees Wallace & Nurick LLC
        P.O. Box 1166
        Harrisburg, PA  17108-1166
        (717) 237-5322

FROM : 0                          PHONE NO. :                      Oct. 30 2001 12:21PM P2
10/30/2001 11:27 FAX 7172375000        McNees Wallace & Nurick

*[signature: Stephen Pedersen]*
Stephen R. Pedersen, Esquire
214 Senate Avenue, Suite 602
Camp Hill, PA 17011
(717) 763-1170

Attorney for Plaintiff

Dated: 10/30/01

McNEES WALLACE & NURICK LLP

By *[signature]*
Michael R. Kelley
Charles T. Young
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
(717) 237-5322

Attorneys for Defendants
  CUNA Mutual Group and CUNA Mutual
  Insurance Society

Dated: 10/30/01

{A399011;}

- 12 -