ₓ₀ᵗᵒ ᶜʳᵗ

**ORIGINAL**

(15 jm
3/68/0~

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Nancy Hall, individually and | : | CIVIL ACTION - LAW |
| as the Representative and | : | |
| Administratrix of the Estate of | : | **FILED** |
| Tommy Hall, deceased, her husband, | : | HARRISBURG, PA |
| Plaintiff | : | |
| | : | MAR 2 2 2002 |
| v. | : | 1:01-CV-1265   MARY E. D'ANDREA, CLERK |
| | : | Per ___ Deputy Clerk |
| Cuna Mutual Group, Cuna Mutual | : | |
| Insurance Society, | : | |
| Defendants | : | Judge Sylvia H. Rambo ✓ |

DEFENDANT CUNA MUTUAL INSURANCE SOCIETY'S
BRIEF IN SUPPORT OF ITS
<u>MOTION TO AMEND THE CAPTION OF THE CASE</u>

I. <u>STATEMENT OF FACTS</u>

On or about November 18, 1998, Plaintiff, Nancy Hall, and her late husband,

Tommy B. Hall, refinanced the mortgage on their home in Fayetteville, Franklin County,

Pennsylvania. As part of refinancing the mortgage, Mr. Hall purchased mortgage

insurance through his lender, Patriot Federal Credit Union. Defendant, CUNA Mutual

Insurance Society, issued a policy of "Group Mortgage Insurance Decreasing Term Life"

to Patriot Federal Credit Union. On or about January 1, 1999, a Certificate of Insurance

was issued to Plaintiff's decedent, Tommy Hall. (*See* Appendix to Motion to Amend the

Caption of the Case, at Exhibit "B.")

On or about November 4, 1999, Mr. Hall died as a result of a metastatic melanoma. Shortly thereafter, Plaintiff submitted a claim for benefits under the group mortgage insurance policy. Defendant, CUNA Mutual Insurance Society, denied Plaintiff's claim for benefits on the basis that Plaintiff's decedent had submitted a false application for mortgage insurance and had failed to disclose a prior diagnosis of cancer. Defendant, CUNA Mutual Insurance Society, reported the conduct of Plaintiff's decedent to the Fraud Section of the Pennsylvania Department of Insurance.

## II. PROCEDURAL HISTORY

On July 9, 2001, Plaintiff Nancy Hall commenced this action, both individually and as the administratrix of the Estate of her late husband, by filing a Complaint against Defendants, CUNA Mutual Insurance Society and "CUNA Mutual Group." The basis of Plaintiff's Complaint was the allegedly wrongful denial of benefits and negligent and/or reckless conduct of Defendants. On September 5, 2001, Defendants filed an Answer to the Complaint and Affirmative Defenses.

On March 15, 2002, Plaintiff filed a Motion to Amend the Complaint, seeking permission to allege, among other things, a cause of action for bad faith. On the same day, Defendant, CUNA Mutual Insurance Society, filed a Motion to Amend the Caption of the Case. The Motion of CUNA Mutual Insurance Society seeks to remove the term "CUNA Mutual Group" from the caption of the case, and eliminate "CUNA Mutual Group" as a Defendant in the case. The basis for the Motion is the fact that "CUNA Mutual Group" is not a legal entity of any sort. This Brief is filed in support of Defendant CUNA Mutual Insurance Society's Motion to Amend the Caption of the Case.

### III. <u>STATEMENT OF QUESTION INVOLVED</u>

Whether the Motion of Defendant CUNA Mutual Insurance Society should be granted, and "CUNA Mutual Group" should be eliminated as a Defendant in this action, when CUNA Mutual Group is not a legal entity, but rather, a trademark employed by CUNA Mutual Insurance Society and its subsidiaries.

### IV. <u>ARGUMENT</u>

In the instant action, Plaintiff filed her Complaint against Defendants, CUNA Mutual Insurance Society and "CUNA Mutual Group." In turn, CUNA Mutual Insurance Society has filed a Motion to Amend the Caption of the Case. In support of its Motion, CUNA Mutual Insurance Society has presented the Declaration of Richard A. Fischer. Mr. Fischer has testified, on behalf of CUNA Mutual Insurance Society, that the term "CUNA Mutual Group" is a trademark, which is used in connection with CUNA Mutual Insurance Society and its subsidiaries. (*See* Appendix to Motion to Amend the Caption of the Case, at Exhibit "A.") "CUNA Mutual Group" is not a corporation, and it is not a recognized legal entity of any sort or variety. (<u>Id.</u>) Further, while the Certificate of Insurance issued to Tommy Hall contains the trademark "CUNA Mutual Group," the insurer is specifically defined as CUNA Mutual Insurance Society. The Certificate of Insurance states, in pertinent part, that, **"WE, US, OUR** or **THE SOCIETY** means the CUNA Mutual Insurance Society of Madison, Wisconsin." (*See* Appendix to Motion to Amend the Caption of the Case, at Exhibit "B.")

The courts have routinely allowed Plaintiffs to correct misnomers or make substitutions of the sort requested by CUNA Mutual Insurance Society in its Motion to Amend. *See* <u>My Favorite Muffin Too, Inc. v. DK Holdings, Inc.</u>, 61 F.Supp. 2d 781, 784 (N.D. Ill. 1999); <u>Desai v. Tire Kingdom, Inc.</u>, 944 F.Supp. 876, 878 (M.D. Fla. 1996); <u>Shoap v. Kiwi S.A.</u>, 149 F.R.D. 509, 511 (M.D. Pa. 1993). In this case, Plaintiff has

3

clearly filed suit against an incorrect and/or non-existent entity, *viz*, the trademark "CUNA Mutual Group."  Nonetheless, because of some perceived advantage, Plaintiff has refused to concur in Defendant's Motion to Amend the Caption of the Case. Despite Plaintiff's refusal, the court should grant Defendant's Motion and require Plaintiff to sue the correct entity, CUNA Mutual Insurance Society.

Defendant, CUNA Mutual Insurance Society, issued the policy of group mortgage insurance, which forms the basis of Plaintiff's action.  Further, while the trademark "CUNA Mutual Group" appears on the Certificate of Insurance, there is no basis for holding any other CUNA entity liable in this case.  CUNA Mutual Insurance Society issued the policy, and the Certificate of Insurance clearly identifies this fact.  In a case similar to the instant one, the plaintiff filed suit against "Tire Kingdom," while the correct name of the defendant was "Tire Kingdom, Inc."  Desai, 944 F. Supp. at 878.  The court subsequently castigated the defendant when it failed to confer with plaintiff and agree to an amendment showing Tire Kingdom, Inc. as the defendant.  Id.  In this case, Defendants' counsel has sought the concurrence of Plaintiff's counsel; however, for reasons which remain unclear, Plaintiff's counsel has declined to concur in what is essentially a technical amendment.  "CUNA Mutual Group" is not, and never has been, a legal entity.  Accordingly, Defendant CUNA Mutual Insurance Society's Motion to Amend the Caption of the Case should be granted.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Defendant, CUNA Mutual Insurance Society, respectfully requests that the caption of the case be amended, that the term CUNA Mutual Group be removed from the caption, and that CUNA Mutual Group cease to be a Defendant in the instant action.

McNEES WALLACE & NURICK LLC

By_____

Michael R. Kelley
Charles T. Young, Jr.
P.O. Box 1166
100 Pine Street
Harrisburg, PA 17108-1166
Phone: (717) 237-5322
Fax: (717) 237-5300

Dated: March 22, 2002

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date the foregoing document was served by U.S. first-class mail, postage prepaid, upon the following:

Stephen R. Pedersen, Esquire
214 Senate Avenue, Suite 602
Camp Hill, PA  17011

Catherine Mahady-Smith, Esquire
3115-A N. Front Street
Harrisburg, PA  17110

Charles T. Young, Jr.
Attorney for Defendants,
CUNA Mutual Group and CUNA Mutual
Insurance Society

Dated:  March 22, 2002