ORIGINAL

FILED
HARRISBURG, PA

APR 10 2002

MARY E. D'ANDREA, CLE
Per _____
         Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Nancy Hall, individually and as the Representative and Administratrix of the Estate of Tommy Hall, deceased, her husband, Plaintiff | CIVIL ACTION - LAW |
| v. | 1:01-CV-1265 |
| Cuna Mutual Group, Cuna Mutual Insurance Society, Defendants | Judge Sylvia H. Rambo |

**DEFENDANT CUNA MUTUAL INSURANCE SOCIETY'S
BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND THE COMPLAINT**

## I. STATEMENT OF FACTS

On or about November 18, 1998, Plaintiff, Nancy Hall, and her late husband, Tommy B. Hall, refinanced the mortgage on their home in Fayetteville, Franklin County, Pennsylvania. As part of refinancing the mortgage, the Halls purchased a single, credit life insurance policy, on Mr. Hall's life, through their lender, Patriot Federal Credit Union. Defendant CUNA Mutual Insurance Society ("CUNA") issued a policy of "Group Mortgage Insurance Decreasing Term Life" to Patriot Federal Credit Union. On or about January 1, 1999, a Certificate of Insurance was issued to Plaintiff's decedent, Tommy Hall.

On or about November 4, 1999, Mr. Hall died as a result of a metastatic melanoma. Shortly thereafter, Plaintiff submitted a claim for benefits under the group mortgage insurance policy. CUNA rescinded the policy and denied Plaintiff's claim for benefits on the basis that Plaintiff's decedent had submitted a false application for mortgage insurance because Mr. Hall had failed to disclose a prior diagnosis of cancer. Pursuant to the guidelines of the Pennsylvania Attorney General, CUNA reported the conduct of Plaintiff's decedent to the Fraud Section of the Pennsylvania Attorney General's office.

## II. **PROCEDURAL HISTORY**

On July 9, 2001, Plaintiff Nancy Hall commenced this action, both individually and as the administratrix of the Estate of her late husband, by filing a Complaint against CUNA and its umbrella name, "CUNA Mutual Group." The basis of Plaintiff's Complaint was the allegedly wrongful denial of benefits and negligent conduct of Defendants. She alleged, in pertinent part, the following:

> 24. In wrongfully denying benefits under the contract, and without proper and thorough investigation, the Defendants breached their contract with the Halls, breached an implied covenant of good faith and fair dealing, were negligent in their handling of the claim process, and intentionally denied benefits at a time when the Defendants each knew that benefits were required to be paid under the policy.
>
> 25. In addition, on February 22, 2000, the Defendants wrote to Mrs. Hall and indicated, wrongfully, negligently, wantonly, [carelessly] and recklessly that they were reporting her to the Pennsylvania Insurance Fraud Section.
>
> 26. As a result of the Defendants breach of contract, intentional and negligent misrepresentations, negligence, fraud, deceit, violations of their duties of good faith and fair dealing, Mrs. Hall and the Estate lost the family residence, was mentally and emotionally traumatized, suffered mental anguish and torment and, because of financial necessities

2

resulting from the Defendant's wrongful conduct, is working as a live-in maid, and claim is made for each and every loss.

On September 5, 2001, Defendants filed an Answer to the Complaint and Affirmative Defenses. Defendants claimed that Plaintiff's decedent provided false information on his insurance application. Defendants further asserted that they were immune from suit as a result of reporting suspected insurance fraud to the Insurance Fraud Section of the Attorney General's office. See 40 P.S. § 3701-507.

On March 15, 2002, Plaintiff filed a Motion to Amend the Complaint, seeking permission to allege, among other things, a cause of action for statutory bad faith. In Plaintiff's proposed Amended Complaint, she alleges, in pertinent part, the following:

> 22. Shortly after the Complaint was filed, CUNA received additional information which it failed to timely and appropriately consider and continued, despite the information, to deny benefits under the policy, negligently, intentionally, carelessly, in violation of the contract, [recklessly], in wanton disregard for their insured's interest, and in bad faith as they failed to pay on the policy when they received, among other things, the following:
>
> [A purported list of deposition testimony and documents produced during the course of the instant litigation].
>
> 23. During discovery in the instant action, despite the additional information, among other things which follow, CUNA has continued negligently, carelessly, intentionally, [recklessly], in violation of the contract and insurance laws, in wanton disregard for their insured's interests, and in bad faith and unconscionably continue to deny benefits and make payment under the policy. CUNA discovered:
>
> [A purported list of deposition testimony and documents produced during the course of the instant litigation].
>
> . . .
>
> 29. CUNA has systematically acted in bad faith and breached their contracts with insureds as they received and accepted group credit life insurance premiums at one rate, yet when claims are made, they are

3

> investigated based on individual life applications, for which rates are determined differently.

(underlining added). In Paragraphs 22 and 23 of the proposed Amended Complaint, Plaintiff claims that CUNA acted in bad faith by continuing to deny benefits after it acquired certain information during discovery. In Paragraph 29, Plaintiff appears to be making allegations on behalf of **all** CUNA insureds.

This Brief is filed in opposition to Plaintiff's Motion to Amend the Complaint. Specifically, Defendants object to Paragraphs 22, 23, and 29 of Plaintiff's proposed Amended Complaint. Plaintiff may not assert a cause of action for bad faith based on an insurer's actions in conducting discovery. The Plaintiff's claim was denied prior to the initiation of litigation. If Plaintiff is permitted to make the allegations contained in Paragraphs 22 and 23, then every deposition in every bad faith case would form the basis for yet another bad faith case. Furthermore, the allegations in Paragraph 29 are not proper. Plaintiff has no standing to assert causes of action, or conduct discovery on behalf of all CUNA insureds. This is not a class action.

### III. STATEMENT OF QUESTIONS INVOLVED

Whether an insurer's actions in conducting discovery may form the basis for a plaintiff's cause of action for statutory bad faith.

Suggested Answer: No.

Whether, without certifying a class action, a plaintiff may assert a cause of action on behalf of all CUNA insureds.

Suggested Answer: No.

4

## IV. ARGUMENT

### A. The Conducting of Discovery Is Not Evidence of Bad Faith

While an insurer's conduct occurring after the onset of litigation may, in certain instances, form the basis for a cause of action for bad faith, Pennsylvania courts do "not permit recovery under [42 Pa.C.S.A.] section 8371 'for discovery abuses by an insurer or its lawyer in defending a claim predicated on its alleged prior bad faith handling of an insurance claim.'" O'Donnell v. Allstate Ins. Co., 734 A.2d 901, 908 (Pa. Super. 1999) (quoting **Exhibit "A,"** accompanying this Brief, Slater v. Liberty Mut. Ins. Co., 1999 WL 178367, *2 (E.D. Pa., filed March 30, 1999)). "'[Section 8371] clearly does not contemplate actions for bad faith based upon allegations of discovery violations.'" Krisa v. Equitable Life Assurance Soc'y, 109 F. Supp.2d 316, 321 (M.D. Pa. 2000) (quoting O'Donnell, 734 A.2d at 908).

A claim for bad faith does not depend on when the alleged facts took place (*viz*, pre- or post-litigation), but rather, on whether the actions arose from the relationship of the parties as insurer and insured, or from the relationship of the parties as plaintiff and defendant. Krisa, 109 F. Supp. 2d at 321 (discussing Slater, 1999 WL 178367, at *2). By its own terms, Section 8371 applies to "an action arising under an insurance policy." This phrase means "that the insured's cause of action must originate from a writing setting forth an agreement between the insured and insurer that the insurer would pay the insured upon the happening of certain circumstances." *See* **Exhibit "B,"** accompanying this Brief, Ridgeway v. U.S. Life Credit Life Ins. Co., 2002 Pa. Super. 54, *P10, 2002 Pa. Super. LEXIS 204, *9 (filed Feb. 28, 2002). Discovery and/or an insured's remedy for discovery abuses do not arise from an agreement between the

5

insured and insurer. Rather, they arise from the Rules of Civil Procedure. Accordingly, "discovery violations alone are not a sufficient basis for a bad faith claim." Krisa, 109 F. Supp.2d at 321.

In the instant matter, Plaintiff has alleged that her claim was denied by letter dated February 10, 2000. (Amended Complaint, at ¶19). That denial, together with CUNA's reporting to the Fraud Section of the Attorney's General office, forms the basis of Plaintiff's purported cause of action for statutory bad faith. After CUNA denied Plaintiff's claim for benefits, Plaintiff and CUNA did not interact as insured and insurer. Rather, they interacted as litigants. In point of fact, Plaintiff was represented by counsel, Catherine Mahady-Smith in a related malpractice action – even before the claim was denied.

Following the denial of Plaintiff's claim and the onset of litigation, CUNA's attorneys conducted depositions in order to defend their client. In this case, Plaintiff has not even alleged the existence of discovery abuses – nor can she. She has simply alleged that the conducting of depositions and the information collected, constitutes bad faith on the part of the Defendants. This is not a proper allegation.

Because the depositions and other discovery were conducted as a result of the parties' status as litigants, and not as a result of their status as insured and insurer, the discovery conducted, and information collected, cannot form the basis for a new and distinct cause of action for bad faith. Accordingly, the allegations in Paragraphs 22 and 23 of Plaintiff's Amended Complaint are futile, and the Plaintiff's Motion to Amend the Complaint should be denied. See Massarsky v. General Motors Corp., 706 F.2d 111,

6

125 (3rd Cir. 1983) (stating that, "The trial court may properly deny leave to amend where the amendment would not withstand a motion to dismiss.")

### B. The Post-Litigation Allegations of Plaintiff Do Not State a Cause of Action for Bad Faith

Even assuming that conduct during discovery could form the basis for a claim of bad faith, Plaintiff's claims in Paragraphs 22 & 23 of the Amended Complaint fail to state (or contribute to) a cause of action for bad faith. Quite simply, Plaintiff has not alleged any discovery abuses. In O'Donnell, 734 A.2d 901, the Court addressed similar circumstances. The court stated the following:

> Appellant baldly asserts that because "Allstate had everything it needed in its possession to either accept or deny the claim, yet never did . . . [t]his conduct is in bad faith." (*Id.*). This argument seems to suggest that because Allstate failed to accept or deny her claim after conducting a lengthy investigation prior to the commencement of Appellant's suit, any action on the part of Allstate in requesting additional information during the pendency of trial is in bad faith. We disagree.

Id. at 907 (underlining added). Like O'Donnell, the Plaintiff in the instant case is attempting to assert that CUNA acted in bad faith by collecting information during discovery. Like O'Donnell, this Court should reject that claim. Even assuming that egregious discovery abuses could form the basis for a claim of bad faith, the O'Donnell court ruled that conduct, similar to what the Plaintiff has alleged in this case, does not create such a cause of action. 734 A.2d at 907.

### C. Plaintiff Lacks Standing to Assert Claims on Behalf of All CUNA Insureds

In Paragraph 29 of the Amended Complaint, Plaintiff has asserted that, "CUNA has systemically acted in bad faith and breached their contracts with insureds as they received and accepted group credit life insurance premiums." (underlining added). This Paragraph contains superfluous and irrelevant allegations and should be stricken.

7

Plaintiff does not have standing to assert claims on behalf of all CUNA insureds. Plaintiff is not permitted to set herself up as the defender of all CUNA insureds, and then, seek discovery on behalf of those people. This action concerns a claim by a single person, not a class of individuals. Furthermore, discovery has now closed, and Plaintiff has absolutely no evidentiary support for her claim that, "CUNA has systemically acted in bad faith" with respect to its insureds. (*See* **Exhibit "C,"** accompanying this Brief). In the years 1998 through 2001, CUNA rescinded only three Home Mortgage Protection Life insurance policies ("HMP Life"). Throughout that same period, CUNA had in force, over 9,472 Certificates of Insurance. Clearly, there has been no systemic bad faith with respect to CUNA's insureds.

## V. CONCLUSION

For the foregoing reasons, Defendant, CUNA Mutual Insurance Society, respectfully requests that Plaintiff's Motion to Amend the Complaint be denied. In the alternative, in the event that Plaintiff is permitted to Amend her Complaint, CUNA requests that Paragraphs 22, 23, and 29 of the Amended Complaint be stricken from the Amended Complaint accepted for filing.

McNEES WALLACE & NURICK LLC

By _____
Michael R. Kelley
Charles T. Young, Jr.
P.O. Box 1166
100 Pine Street
Harrisburg, PA 17108-1166
Phone: (717) 237-5322
Fax: (717) 237-5300

Dated: April 10, 2002

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date the foregoing document was served by U.S. first-class mail, postage prepaid, upon the following:

>Stephen R. Pedersen, Esquire
>214 Senate Avenue, Suite 602
>Camp Hill, PA 17011
>
>Catherine Mahady-Smith, Esquire
>3115-A N. Front Street
>Harrisburg, PA 17110

_____
Charles T. Young, Jr.

Attorney for Defendants,
CUNA Mutual Group and CUNA Mutual
Insurance Society

Dated: April 10, 2002