ORIGINAL

FILED
HARRISBURG

APR 23 2002

MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Nancy Hall, individually and as the Representative and Administratrix of the Estate of Tommy Hall, deceased, her husband, Plaintiff | : : : : : : | CIVIL ACTION - LAW |
| v. | : : : | 1:01-CV-1265 |
| Cuna Mutual Group, Cuna Mutual Insurance Society, Defendants | : : : : | Judge Sylvia H. Rambo |

REPLY BRIEF OF
DEFENDANT CUNA MUTUAL INSURANCE SOCIETY
FILED IN SUPPORT OF
ITS MOTION TO AMEND THE CAPTION OF THE CASE
AND IN OPPOSITION TO
<u>PLAINTIFF'S RESPONSE BRIEF</u>

Defendant, CUNA Mutual Insurance Society, by its attorneys, McNees Wallace & Nurick LLC, hereby files this Reply Brief in support of its Motion to Amend the Caption of the Case, and in opposition to Plaintiff's Response Brief. In support thereof, CUNA Mutual Insurance Society asserts the following:

I. <u>LEGAL ARGUMENT</u>

The term "CUNA Mutual Group" is a trademark used in connection with CUNA Mutual Insurance Society, and its subsidiaries. "CUNA Mutual Group" is not a

corporation, and is not a recognized legal entity of any kind. Defendants' counsel has presented the Declaration of Richard A. Fischer attesting to these facts. (Appendix to Motion to Amend Caption of the Case, at Exhibit "A.") Plaintiff has produced no evidence to the contrary. A trademark is a "word, phrase, logo, or other graphic symbol used by a manufacturer or seller to distinguish its product or products from those of others." Black's Law Dictionary 1500 (7th ed. 1999). While Plaintiff points out that the term "CUNA Mutual Group" appears on correspondence and annual reports, these facts are consistent with Mr. Fischer's testimony that CUNA Mutual Group is a trademark. The purpose of a trademark is for it to be used in connection with a company's products and business, which – in this case – is insurance.

CUNA Mutual Group is a term used by CUNA Mutual Insurance Society and its subsidiaries. Hence, it should come as no surprise that it appears on their consolidated financial statements and correspondence. This does not make the term a legal entity subject to suit. In point of fact, the exhibits attached to Plaintiff's Response actually support this conclusion. At Exhibit D to her Response, Plaintiff attaches portions of the deposition transcript of Paul Lawin. At Page 8 of the transcript, Mr. Lawin states that, "CUNA Mutual Group to me is a generic marketing name. I wouldn't go beyond it." At Page 9, Mr. Lawin states that, "I don't view CUNA Mutual Group as an insurance company." The testimony of Mr. Lawin and the other exhibits do not support Plaintiff's assertion that CUNA Mutual Group is a legal entity, or for that matter, anything other than a trademark or marketing tool.

When a non-entity is sued, the proper remedy is not a Motion to Dismiss or a Motion for Summary Judgment. Rather, the proper remedy is a Motion to Amend the

2

Caption of the Case. The amendment is technical in nature. CUNA Mutual Group is a non-entity. It is not a legal entity seeking to be dismissed from the case. Moreover, contrary to Plaintiff's assertion, CUNA Mutual Group did NOT hold itself out as the insurer of Plaintiff's decedent. The Certificate of Insurance states that, "**WE, US, OUR** or **THE SOCIETY** means the CUNA Mutual Insurance Society of Madison, Wisconsin." The Certificate could not have been any more clear. (*See* Appendix to Motion to Amend Caption of the Case, at Exhibit "B.")

There was one insurance policy; there was one insurer. That insurer was CUNA Mutual Insurance Society, not CUNA Mutual Group. Even assuming for the sake of argument that (1) CUNA Mutual Group was something other than a trademark and (2) the Certificate of Insurance was unclear as to the insurer issuing the Policy, it makes no sense to hold two entities liable as "insurers" when only one Policy was issued to Plaintiff's decedent. Plaintiff's causes of action may only be brought against her husband's insurer.[1] That insurer was CUNA Mutual Insurance Society, not CUNA Mutual Group.

## II. CONCLUSION

For the foregoing reasons, Defendant, CUNA Mutual Insurance Society, respectfully requests that the caption of the case be amended; that the term CUNA

---

[1] *See* Kearns v. Minnesota Mut. Life Ins. Co., 75 F. Supp.2d 413, 422-23 (E.D. Pa. 1999) (finding that an insurance broker could not be held liable for breach of contract or statutory bad faith); Superior Precast, Inc. v. Safeco Ins. Co. of America, 71 F. Supp.2d 438, 451-54 (E.D. Pa. 1999) (finding that a surety could not be held liable as an insurer under Pennsylvania's bad faith statute); T & N PLC v. Pennsylvania Ins. Guar. Ass'n, 800 F. Supp. 1259, 1261 (E.D. Pa. 1992) (finding that the Pennsylvania Insurance Guaranty Association was not an insurer that could be held liable under Pennsylvania's bad faith statute).

3

Mutual Group be removed from the caption; and that CUNA Mutual Group cease to be a Defendant in the instant action.

                                                  McNEES WALLACE & NURICK LLC

By _____
Michael R. Kelley
Charles T. Young, Jr.
P.O. Box 1166
100 Pine Street
Harrisburg, PA 17108-1166
Phone: (717) 237-5322
Fax: (717) 237-5300

Attorneys for Defendants

Dated: April 22, 2002

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this date the foregoing document was served by U.S. first-class mail, postage prepaid, upon the following:

>Stephen R. Pedersen, Esquire
>214 Senate Avenue, Suite 602
>Camp Hill, PA  17011
>
>Catherine Mahady-Smith, Esquire
>3115-A N. Front Street
>Harrisburg, PA  17110

_____
Charles T. Young, Jr.

Attorney for Defendants

Dated: April 22, 2002