

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NANCY HALL,** | CIVIL NO. 1:CV-01-1265 |
| **Plaintiff** | |
| v. | FILED |
| **CUNA MUTUAL GROUP;** and **CUNA MUTUAL INSURANCE SOCIETY,** | MAY 2 2 2002 |
| **Defendants** | PER ___ M/A HARRISBURG, PA  DEPUTY CLERK |

### MEMORANDUM and ORDER

Before the court are Plaintiffs' motion to amend the complaint, and Defendants' motion to amend the caption of the case. The parties have briefed the issues, and the motions are ripe for disposition.

I. **Background**

  A. **Factual Background**

The following facts are stated by both parties in the briefs before the court; this memorandum contains no factual findings by the court. On November 18, 1998, Plaintiff, Nancy Hall, and her now deceased husband refinanced their home mortgage. At that time, Mr. and Mrs. Hall purchased mortgage insurance (the "Policy") through Patriot Federal Credit Union. Defendants, currently named as CUNA Mutual Group and CUNA Mutual Insurance Society, issued the Policy.

On November 4, 1999, Mr. Hall died from metastatic melanoma. Plaintiff subsequently submitted a claim for benefits under the Policy. Defendants denied Plaintiff's claim for benefits, claiming that Mr. Hall had submitted a false application for mortgage insurance because he did not disclose a prior diagnosis of

cancer. Defendants also reported Mr. Hall to the Fraud Section of the Pennsylvania Department of Insurance.

    B.   <u>Procedural History</u>

Plaintiff commenced the instant action on July 9, 2001. Named as Defendants are CUNA Mutual Insurance Society and CUNA Mutual Group. On March 15, 2002, Plaintiff filed a motion to amend the complaint and Defendants filed a motion to amend the caption of the case.

**II.**    **<u>Discussion</u>**

    A.   <u>Plaintiff's Motion to Amend Complaint</u>

Defendant takes issue with the following paragraphs contained in Plaintiff's proposed amended complaint:

> 22.   Shortly after the Complaint was filed, CUNA received additional information which it failed to timely and appropriately consider and continued, despite the information, to deny benefits under the policy, negligently, intentionally, carelessly, in violation of the contract, in wanton disregard for their insured's interest, and in bad faith as they failed to pay on the policy when they received, among other things, the following: . . .
> . . .
>
> 23.   During discovery in the instant action, despite the additional information, among other things which follow, CUNA has continued negligently, carelessly, intentionally, recklessly, in violation of the contract and insurance laws, in wanton disregard for their insured's interests, and in bad faith and unconscionably continue to deny benefits and make payment under the policy. . .
>
> . . .
>
> 29.   CUNA has systematically acted in bad faith and breached their contracts with insureds as they received and accepted group credit life insurance premiums at one rate, yet when claims are made, they are investigated based on

2

individual life applications, for which rates are determined differently.

(Amend. Compl. at ¶¶ 22, 23, 29.)

The court disagrees with Defendants that Paragraphs 22 and 23 seek to state claims for recovery based on discovery abuses or discovery violations. These Paragraphs instead allege that Defendants acted in bad faith by continuing to deny Plaintiff's claim under the Policy even after Defendants became aware of voluminous evidence that their basis for denial was unfounded. While the court cannot speak to the merits of Plaintiff's bad faith claim, the court will not deny Plaintiff the opportunity to plead such a claim.

With regard to Paragraph 29 of Plaintiff's proposed amended complaint, the court also disagrees with Defendant that Plaintiff is attempting to turn her case into a class action suit. The Paragraph does refer collectively to "insureds" rather than specifically to Plaintiff or her late husband. However, Plaintiff's counsel is certainly aware that at trial, Plaintiff must show that Defendants engaged in the conduct described in Paragraph 29 specifically as to Plaintiff. However, the court does not view the broad language of Paragraph 29 as a basis to deny Plaintiff's motion, nor will the court strike this Paragraph from the amended complaint.

In conclusion, the court will grant Plaintiff's motion to amend the complaint.

    B.    <u>Defendant's Motion to Amend the Caption</u>

Defendants request that the court amend the caption of the case by removing "CUNA Mutual Group" as a Defendant, leaving only "CUNA Mutual Insurance Society." Defendants provide the Declaration of Richard A. Fischer who declares that CUNA Mutual Group is a trademark name, but is not a corporation or

3

legal entity of any kind. (App. to Def. Mot. to Amen. Caption, Ex. A.) The name CUNA Mutual Group refers to CUNA Mutual Insurance Society and its subsidiaries. Defendants also highlight the Policy which states that "WE, US, OUR, or THE SOCIETY means the CUNA Mutual Insurance Society of Madison, Wisconsin.") (App. to Def. Mot. to Amen. Caption, Ex. B.)

Plaintiff responds by presenting the court with a series of documents, letters and correspondence in which the name CUNA Mutual Group appears as the entity doing business.

Defendants are free to assert in dispositive motions that CUNA Mutual Group is not a properly named Defendant. However, based on the documents submitted by Plaintiff, the court will not simply amend the caption of the complaint to omit a named party that has been properly served. Accordingly, the court will deny Defendants' motion to amend the caption of the case.

### III.   Order

In accordance with the foregoing memorandum of law **IT IS HEREBY ORDERED THAT:**

(1) Plaintiff's motion to amend the complaint is **GRANTED;**

(2) The clerk of court shall detach Exhibit A from Plaintiff's motion to amend the complaint and file stamp the document;

(2) Defendants' motion to amend the caption of the complaint is **DENIED.**

SYLVIA H. RAMBO
United States District Judge

Dated: May 22, 2002.