ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Nancy Hall, individually and as the Representative and Administratrix of the Estate of Tommy Hall, deceased, her husband, Plaintiff | : CIVIL ACTION - LAW : : : : |
| v. | : 1:01-CV-1265 : |
| Cuna Mutual Group, Cuna Mutual Insurance Society, Defendants | : : : Judge Sylvia H. Rambo |

FILED
HARRISBURG, PA
JUN 11 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, CUNA Mutual Insurance Society ("CUNA"), on behalf of itself and its trademark CUNA Mutual Group, hereby answers the Amended Complaint in this matter as follows:

1. Admitted.

2. Admitted.

3. Admitted in part and denied in part. It is admitted that CUNA maintains offices at 5910 Mineral Point Road, Madison, Wisconsin. CUNA is without knowledge or information

sufficient to form a belief as to the truth of the remainder of the averments set forth in this paragraph, and the same are therefore denied.

4. Admitted in part and denied in part. It is admitted that CUNA Mutual Insurance Society has offices in Madison, Wisconsin. "CUNA Mutual Group" is not a legal entity, and therefore, has no place of domicile. Furthermore, this paragraph contains conclusions of law that require no response.

5. CUNA is without knowledge or information concerning what the Pennsylvania Corporation Bureau has conveyed to Plaintiff. This paragraph is therefore denied.

6. This is a legal conclusion which requires no response.

7. Denied. The amount in controversy in this matter does not exceed the threshold for diversity jurisdiction. It is denied that the Middle District of Pennsylvania is vested with diversity jurisdiction in this case.

8. Admitted in part and denied in part. It is admitted that Tommy Bob Hall and Nancy M. Hall completed and signed a Members Home Mortgage Protection II Application which is dated November 18, 1998 (the "Mortgage Application"). It is further admitted that the Mortgage Application bears Certificate No. 32534. It is denied that the Halls were truthful and accurate in filling out the Mortgage Application. Specifically, question 1 of Section B of the Mortgage Application states:

> "Have you ever been treated for or diagnosed by a member of the
> medical profession as having any of the following: . . . cancer
> . . . back, neck, joint or muscular disorders . . . ?"

Both Mr. and Mrs. Hall checked the "no" box in response to this question. Contrary to this assertion, Mr. Hall had previously been diagnosed with and/or treated for cancer. In addition, Mr. Hall had previously been diagnosed with and treated for a ruptured disc in his back.

- 2 -

9. Admitted that this paragraph accurately states information contained on the Mortgage Application.

10. CUNA is without knowledge or information sufficient to form a belief as to what Mr. and Mrs. Hall "believed" as to Mr. Hall's health. This paragraph is therefore denied. Further, whether Mr. or Mrs. Hall believed that Mr. Hall was in good health at the time the application was signed is immaterial to this action. The Mortgage Application does not ask whether the applicant believes that he or she is currently in good health. The question on the application seeks disclosure of whether the applicant has ever been diagnosed with or treated for the conditions specified, including cancer and back and neck disorders.

11. Admitted in part and denied in part. It is admitted that, prior to filling out the Mortgage Application, Mr. Hall had been diagnosed with and treated for a malignant mole (or melanoma) removed from his back in 1993 and/or 1996. CUNA is without knowledge or information sufficient to form a belief as to the truth of the averment that Mr. Hall's doctor reported to him that there were "no medical problems associated with the mole and that he was in good health," and this averment is therefore denied. Furthermore, CUNA avers that whether Mr. Hall was in good health prior to the application is immaterial. CUNA incorporates its response to Paragraph 10, above, as if set forth in full.

12. Admitted, with clarification. CUNA issued a certificate of insurance to the Halls. The policy was issued to their credit union.

13. Admitted.

14. Admitted, with the exception that the Home Mortgage Insurance Claim Notice was submitted on or about November 10, 1999, not November 4, 1999.

15. Admitted that the death certificate indicates that Mr. Hall died on November 4, 1999 as a result of a "metastatic melanoma."

16. CUNA is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and the same are therefore denied.

17. Denied. It is denied that Tommy Hall and Nancy Hall submitted a truthful application for mortgage insurance. It is further denied that CUNA wrongfully denied payment of the claim under the policy. It is admitted that CUNA denied payment under the policy. CUNA's denial of payment was lawful and proper.

18. Denied. It is denied that CUNA wrongfully refused to pay benefits. It is admitted that CUNA refused to pay benefits. CUNA's refusal to pay benefits was lawful and proper.

19. Denied. The averments of this paragraph refer to a writing, which speaks for itself. Moreover, this paragraph mischaracterizes the contents of the writing. The letter of February 10, 2000 indicates that CUNA is rescinding the policy due to Mr. Hall's failure to reveal his diagnosis of and treatment for cancer in 1993. The letter states: "had we known about the medical condition revealed during that visit, we would not have accepted the application or issued a certificate of insurance."

20. This paragraph contains legal conclusions which require no response. If a response is deemed required, it is denied that CUNA breached the insurance agreement, breached any implied covenant of good faith and fair dealing, acted in bad faith, was negligent in the handling of the claim process, or that CUNA intentionally denied benefits when it knew that benefits were required to be paid under the policy.

21. This paragraph contains legal conclusions which require no response. If a response is deemed required, it is denied that CUNA acted negligently, carelessly, recklessly, or in bad

faith, or breached any contract by failing to consider documentation or information.

(a) It is denied that CUNA acted negligently, carelessly, recklessly, or in bad faith, or breached any contract by failing to consider documentation or information.

(b) It is denied that CUNA acted negligently, carelessly, recklessly, or in bad faith, or breached any contract by failing to consider documentation or information.

(c) It is denied that CUNA acted negligently, carelessly, recklessly, or in bad faith, or breached any contract by failing to consider documentation or information.  Furthermore, Plaintiff mischaracterizes the nature of the information collected.

(d) It is denied that CUNA acted negligently, carelessly, recklessly, or in bad faith, or breached any contract by failing to consider documentation or information.  Furthermore, despite request, CUNA was not provided with the complete medical records of Mr. Hall.

(e) It is denied that CUNA acted negligently, carelessly, recklessly, or in bad faith, or breached any contract by failing to consider documentation or information.  Furthermore, if Mrs. Hall had the videotaped deposition of her husband before CUNA rescinded the policy at issue, she did not provide such videotape to CUNA, as this was not produced until after commencement of litigation.  It is denied that Mr. Hall states in his deposition that he was never aware of any cancer prior to the date of his application for insurance.

22. This paragraph contains legal conclusions which require no response.  If a response is deemed required, it is denied that CUNA acted negligently, carelessly, recklessly, in wanton disregard of its insured's interests, or in bad faith, or breached any contract by failing to consider documentation or information.

- 5 -

(a) It is denied that CUNA acted negligently, carelessly, recklessly, in wanton disregard of their insured's interests, or in bad faith, or breached any contract by failing to consider documentation or information.

(b) It is denied that CUNA acted negligently, carelessly, recklessly, in wanton disregard of their insured's interests, or in bad faith, or breached any contract by failing to consider documentation or information.

(c) It is denied that CUNA acted negligently, carelessly, recklessly, in wanton disregard of their insured's interests, or in bad faith, or breached any contract by failing to consider documentation or information.

(d) It is denied that CUNA acted negligently, carelessly, recklessly, in wanton disregard of their insured's interests, or in bad faith, or breached any contract by failing to consider documentation or information. It is further denied that Mr. Hall states on the videotape that he was not aware of any cancer prior to January, 1999.

(e) It is denied that CUNA acted negligently, carelessly, recklessly, in wanton disregard of their insured's interests, or in bad faith, or breached any contract by failing to consider documentation or information. Furthermore, Plaintiff mischaracterizes the nature of the information collected. The records reveal numerous references to Mr. Hall being diagnosed with and treated for cancer prior to the date of his application for insurance.

(f) It is denied that CUNA acted negligently, carelessly, recklessly, in wanton disregard of their insured's interests, or in bad faith, or breached any contract by failing to consider documentation or information. Dr. Weinreich's statement is a writing, which speaks for itself.

(1) It is denied that CUNA acted negligently, carelessly, recklessly, in wanton disregard of their insured's interests, or in bad faith, or breached any contract by failing to consider documentation or information. Furthermore, Dr. Weinreich's statement is a writing, which speaks for itself.

(2) It is denied that CUNA acted negligently, carelessly, recklessly, in wanton disregard of their insured's interests, or in bad faith, or breached any contract by failing to consider documentation or information. Furthermore, Dr. Weinreich's statement is a writing, which speaks for itself.

(3) It is denied that CUNA acted negligently, carelessly, recklessly, in wanton disregard of their insured's interests, or in bad faith, or breached any contract by failing to consider documentation or information. Furthermore, Dr. Weinreich's statement is a writing, which speaks for itself.

23. This paragraph contains legal conclusions which require no response. If a response is deemed required, it is denied that CUNA acted negligently, carelessly, recklessly, in wanton disregard of their insured's interests, or in bad faith, or breached any contract or insurance law by failing to consider documentation or information. Plaintiff mischaracterizes the nature of the testimony.

(a) Denied. It is denied that CUNA acted negligently, carelessly, recklessly, in wanton disregard of their insured's interests, or in bad faith, or breached any contract or insurance law by failing to consider documentation or information. Furthermore, Plaintiff mischaracterizes the nature of the information collected. Numerous records exist which refute the contention in this paragraph.

(b) Denied. It is denied that CUNA acted negligently, carelessly, recklessly, in wanton disregard of their insured's interests, or in bad faith, or breached any contract or insurance law by failing to consider documentation or information. Furthermore, Plaintiff mischaracterizes the nature of the information collected. Numerous records exist which refute the contention in this paragraph.

(c) Denied. It is denied that CUNA acted negligently, carelessly, recklessly, in wanton disregard of their insured's interests, or in bad faith, or breached any contract or insurance law by failing to consider documentation or information. It is denied that the physicians deposed stated that the link was not made until early 1999. This allegation is refuted by the actual testimony of the doctors deposed.

(d) Denied. It is denied that CUNA acted negligently, carelessly, recklessly, in wanton disregard of their insured's interests, or in bad faith, or breached any contract or insurance law by failing to consider documentation or information. Plaintiff mischaracterizes the actual testimony.

(e) This paragraph contains numerous legal conclusions which require no response. If a response is deemed required, it is denied that CUNA acted negligently, carelessly, recklessly, in wanton disregard of their insured's interests, or in bad faith, or breached any contract or insurance law by failing to consider documentation or information.

24. Admitted in part and denied in part. It is admitted that, by letter dated February 22, 2000, CUNA advised Mrs. Hall that, "Due to the nature of this, we are required to inform the Pennsylvania Insurance Fraud Section of this matter." The remaining averments of this paragraph are denied.

25. Admitted in part and denied in part. It is admitted that, by letter dated March 29, 2000, the Office of Attorney General, Bureau of Criminal Investigations, Insurance Fraud Section advised CUNA that, "After a review of this referral, our investigation of the available facts and information indicate that we cannot initiate a criminal investigation at this time. However, should new information develop that is material to these allegations, we would appreciate it if you would advise us so we could revisit the matter with you." The remaining averments of this paragraph are denied.

26. Admitted in part and denied in part. It is admitted that CUNA did not inform Mrs. Hall of the letter of March 29, 2000, referred to in Paragraph 25 above. The remaining averments of this paragraph are denied.

27. This paragraph contains legal conclusions which require no response. If a response is deemed required, it is denied that CUNA failed to properly investigate the claim at issue or acted in bad faith in any manner.

    (a) It is denied that CUNA failed to properly investigate the claim at issue or acted in bad faith in any manner.

    (b) It is denied that CUNA failed to properly investigate the claim at issue or acted in bad faith in any manner. It is specifically denied that CUNA intended to intimidate or frighten Mrs. Hall in any way.

    (c) It is denied that CUNA failed to properly investigate the claim at issue or acted in bad faith in any manner.

    (d) It is denied that CUNA failed to properly investigate the claim at issue or acted in bad faith in any manner. It is specifically denied that CUNA intended to intimidate or frighten Mrs. Hall in any way.

28. This paragraph contains legal conclusions which require no response. If a response is deemed required, all of the averments of this paragraph are specifically denied. Furthermore, it is specifically denied that the sale of the family residence, Mrs. Hall's status as a live-in maid, or the other alleged damages were related to CUNA's conduct or the denial of Plaintiff's claim.

29. This paragraph contains legal conclusions which require no response. If a response is deemed required, all of the averments of this paragraph are specifically denied. CUNA investigates claims in a proper manner. Furthermore, Plaintiffs conducted discovery in this case and uncovered no "systemic" abuse related to denying claims. This allegation is baseless, unsupportable, and is intended only to harass CUNA.

30. This paragraph contains legal conclusions which require no response. If a response is deemed required, all of the averments of this paragraph are specifically denied. See also answer to paragraph 29 above.

31. This paragraph contains legal conclusions which require no response. If a response is deemed required, all of the averments of this paragraph are specifically denied. Furthermore, it is specifically denied that the sale of the family residence, Mrs. Hall's status as a live-in maid, or the other alleged damages were related to CUNA's conduct or the denial of Plaintiff's claim.

32. This paragraph contains legal conclusions which require no response. If a response is deemed required, all of the averments of this paragraph are specifically denied.

33. This paragraph contains legal conclusions which require no response. If a response is deemed required, all of the averments of this paragraph are specifically denied.

34. This paragraph contains legal conclusions which require no response. If a response is deemed required, all of the averments of this paragraph are specifically denied.

35. This paragraph contains legal conclusions which require no response. If a response is deemed required, all of the averments of this paragraph are specifically denied.

WHEREFORE, Defendant, CUNA Mutual Insurance Society, on behalf of itself and its trademark CUNA Mutual Group, requests that this matter be dismissed, and that it be awarded costs of suit.

### Affirmative Defense No. 1

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### Affirmative Defense No. 2

When false information is provided on an insurance application, the insurer may properly rescind the coverage that was provided based upon the false application.

### Affirmative Defense No. 3

This Court lacks subject matter jurisdiction over the claims of Plaintiff because the claims do not exceed the jurisdictional limits of this Court.

### Affirmative Defense No. 4

CUNA is immune from suit as a result of reporting suspected insurance fraud to the Insurance Fraud Section of the Attorney General's office. See, 40 P.S. § 3701-507.

### Affirmative Defense No. 5

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted as to the claim that CUNA wrongfully made a report to the Insurance Fraud Section.

### Affirmative Defense No. 6

Plaintiff has failed to set forth any alleged damages as a result of the alleged wrongful reporting of a claim to the Insurance Fraud Section.

### Affirmative Defense No. 7

Plaintiff's Amended Complaint fails to state a claim for breach of contract.

### Affirmative Defense No. 8

Plaintiff's Amended Complaint fails to state a claim for intentional or negligent misrepresentation.

### Affirmative Defense No. 9

Plaintiff's Amended Complaint fails to state a claim for negligence.

### Affirmative Defense No. 10

Plaintiff's Amended Complaint fails to state a claim for fraud or deceit.

### Affirmative Defense No. 11

Plaintiff's Amended Complaint fails to state a claim for violations of any duty of good faith or fair dealing.

### Affirmative Defense No. 12

CUNA's alleged wrongful conduct, which is denied, is not the legal cause of Plaintiff's alleged damages.

### Affirmative Defense No. 13

Plaintiff cannot recover for alleged emotional trauma or mental anguish and torment under the facts set forth in the Amended Complaint.

### Affirmative Defense No. 14

Plaintiff's Amended Complaint fails to state a claim for bad faith under 42 Pa.C.S.A. § 8371.

### Affirmative Defense No. 15

The Pennsylvania bad faith statute at 42 Pa.C.S.A. § 8371 is unconstitutionally vague.

### Affirmative Defense No. 16

The Pennsylvania bad faith statute at 42 Pa.C.S.A. § 8371 is not applicable to a claim for first-party insurance benefits.

### Affirmative Defense No. 17

Prior to CUNA's decision to rescind the policy at issue, Plaintiff and Plaintiff's decedent failed to provide CUNA with all of the relevant facts and medical history. Specifically, Plaintiff and Plaintiff's decedent failed to advise CUNA that Mr. Hall had previously been diagnosed with and treated for cancer and a ruptured disc in his back.

### Affirmative Defense No. 18

Following the commencement of the action, Plaintiff has not acted in good faith in providing information during discovery and is therefore estopped from asserting "bad faith" claims against CUNA during the pendency of the lawsuit against CUNA.

### Affirmative Defense No. 19

CUNA reasonably relied on the advice of Dr. Thomas J. Ansfield, a consulting physician, in denying benefits to Plaintiff and rescinding the policy at issue.

### Affirmative Defense No. 20

CUNA reasonably relied on the medical records of Mr. Hall's treating physicians in denying benefits to Plaintiff and rescinding the policy at issue.

### Affirmative Defense No. 21

Defendant "CUNA Mutual Group" is not a proper party to this lawsuit, as "CUNA Mutual Group" is not a legally existing entity.

### Affirmative Defense No. 22

Plaintiff's Amended Complaint fails to state a claim for "bad faith" conduct during the pendency of the litigation in this matter, as CUNA owes no fiduciary obligations to an adversary in a lawsuit.

### Affirmative Defense No. 23

Plaintiff's claim that CUNA acted in bad faith during the pendency of the instant lawsuit is nothing more than an allegation that CUNA failed to reconsider its original action, prior to suit, to deny benefits and rescind the policy at issue. The failure to reconsider a denial of benefits is not a proper claim of "bad faith" and therefore such an allegation fails to state a claim for "bad faith."

### Affirmative Defense No. 24

Despite requests from CUNA, Plaintiff has failed to act in good faith, during the pendency of this action, by 1) failing to provide CUNA with a response to CUNA's inquires as to why Mr. Hall advised his treating physicians that he had a history of cancer prior to the date of the insurance application in this case; and 2) concealing the fact that Mr. Hall wrote, in April, 1998, that he had a cancerous mole removed in 1996.

### Affirmative Defense No. 25

In addition to the original basis for denial of the claim and rescission stated by CUNA in February 2000, CUNA has learned through discovery taken in the instant action that Mr. Hall also was diagnosed and treated for cancer sometime in 1996, and such information further supports the denial of the claim and rescission of the policy at issue

### Affirmative Defense No. 26

Plaintiffs have failed to state a valid cause of action that CUNA "systemically" used improper methods to deny claims on insurance.

### Affirmative Defense No. 27

Plaintiffs lack standing to assert claims on behalf of any other persons, not a party to the instant lawsuit, for alleged "systemic" abuses in CUNA's claims process (which allegations CUNA denies).

McNEES WALLACE & NURICK LLC

By _____
Michael R. Kelley
Charles T. Young
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
Phone: (717) 237-5322
Fax: (717) 237-5300

Attorneys for Defendants

Dated: June 11, 2002

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 11TH day of June, 2002, a true and correct copy of the foregoing document was served by the means indicated upon the following:

**BY U.S. FIRST-CLASS MAIL, POSTAGE PREPAID**
Stephen R. Pedersen, Esquire
214 Senate Avenue, Suite 602
Camp Hill, PA  17011

**BY U.S. FIRST-CLASS MAIL, POSTAGE PREPAID**
Catherine Mahady-Smith, Esquire
3115-A N. Front Street
Harrisburg, PA  17110

**BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
Commonwealth of Pennsylvania
Office of the Attorney General
16th Floor, Strawberry Square
Harrisburg, PA 17120

_____
Charles T. Young
Of Counsel for Defendants