

**JUDGE'S COPY**

FILED
HARRISBURG, PA
AUG 3 0 2002
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Nancy Hall, individually and as the Representative and Administratrix of the Estate of Tommy Hall, deceased, her husband, Plaintiff | : : : : : : | CIVIL ACTION - LAW |
| v. | : : | 1:01-CV-1265 |
| Cuna Mutual Group, Cuna Mutual Insurance Society, Defendants | : : : : | (Judge Christopher C. Conner) |

**DEFENDANT'S CONCISE STATEMENT
OF UNDISPUTED MATERIAL FACTS
SUBMITTED PURSUANT TO LOCAL RULE 56.1**

Defendants, by and through their counsel, McNees Wallace & Nurick LLC, hereby submit this Concise Statement of Undisputed Material Facts Pursuant to Local Rule 56.1. The following are undisputed, material facts:

1. In November, 1998, Nancy and Tommy Hall refinanced the mortgage on their home in Fayetteville, Franklin County, Pennsylvania. As part of refinancing the mortgage, the Halls applied for a credit life insurance policy, on Mr. Hall's life only, through their lender Patriot Federal Credit Union.

2. On November 18, 1998, Mr. Hall submitted to CUNA a "Members Home Mortgage Protection II Application" (the "Application") (**Appendix,** at ***Tab 1***"). Part (B) of the Application asked the following question:

> 1.  Have you ever been treated for or diagnosed by a member of the medical profession as having any of the following (Please check the box and circle condition(s) that applies )
>
> Diabetes; high blood pressure; chest pain; heart, blood, blood vessel, lung or breathing disorders; **cancer**; epilepsy; stroke; pneumonia(s); arthritis, brain, mental, nervous, **back**, neck, joint or muscular **disorders**, stomach, intestines, liver, pancreas, or kidney disorders, cirrhosis, drug or alcohol abuse, acquired immune deficiency syndrome or AIDS related complex, or tested positive for antibodies to the AIDS virus?  (NOTE TO RESIDENTS OF ME, ND, VT AND WI:  You do not have to disclose positive test results for the antibodies to the AIDS Virus )

(emphasis added).  In response to the above question, Mr. Hall checked the box marked, "No."  He made no mention of a history of cancer or back disorders.

3. CUNA had previously issued a policy of "Group Mortgage Insurance Decreasing Term Life" to Patriot Federal Credit Union.  On January 1, 1999, CUNA issued a Certificate of Insurance to Mr. Hall (the "Policy").  (See **Appendix,** at **Tab "2"**).

4. The Policy identified "CUNA Mutual Insurance Society of Madison, Wisconsin," as the issuer of the policy.  (Tab "2," at D0017).

5. "CUNA Mutual Group" is <u>not</u> a corporation, partnership, limited liability corporation, limited liability partnership, professional corporation, limited partnership, or other legal entity.  (See **Appendix,** at **Tab "24,"** Dep. of Richard A. Fischer, at 77; **Tab "25,"** Declaration of Richard A. Fisher).

6. CUNA Mutual Group is a trademark, trade name, and/or marketing tool.  (See **Appendix,** at **Tab "24,"** Dep. of Richard A. Fischer, at 77; **Tab "25,"** Declaration of

2

Richard A. Fisher; **Tab "26,"** Dep. of Paul Lawin, at 8; **Tab "27,"** Expert Report of Plaintiff's expert, Richard A. Schwartz, at 3 of 6).

7. Under the Policy, in the event Mr. Hall misstated material information on the Application, CUNA had the right to rescind the Policy and return the premiums. CUNA retained this right until 2 years after the Effective Date of Insurance.

8. On November 4, 1999 (less than 1 year after the Policy's Effective Date), Mr. Hall died as a result of a metastatic melanoma.

9. A metastatic melanoma is a malignant mole or tumor, which manifests itself at a **secondary site** – the malignant cells having previously spread by way of the lymphatic system, bloodstream, or some other avenue.

10. Following Mr. Hall's death, Mrs. Hall submitted a claim for benefits, along with a copy of Mr. Hall's Certificate of Death. (See **Appendix**, at **Tabs "3"** & **"4"**).

11. The claim submitted by Mrs. Hall was reviewed by Brenda Larson, a credit insurance underwriter at CUNA. (See **Appendix**, at **Tab "5,"** Dep. of Larson).

12. The Certificate of Death indicated that Mr. Hall had died of a metastatic melanoma, and further, that he had suffered from a metastatic melanoma for 2 to 3 years. (Tab "4"; Larson Dep. at 23).

13. Prior to denying Plaintiffs' claim, CUNA requested Mr. Hall's medical records from treating physicians Drs. Guthrie/Hurley, Charlesworth, Chicklo, Cashdollar, and Enders (See Larson Dep. at 30-60 & **Tab "5A,"** Exhibit Larson 1).

14. Mr. Hall's medical records contain the following information with regard to Mr. Hall's medical history:

    a) 4/13/93  Pathological Report, Chambersburg Hospital: excision of "dysplastic nevus, skin (back)" (See **Appendix,** at **Tab "6A"**);

3

b) 4/30/98   New Patient Intake form, Dr. Charlesworth:  history related by patient of **"cancerous mole - removed 96"** and two back surgeries in 1989 and 1993 (*See Appendix,* at *Tab "6B,"* emphasis added);

c) 4/30/98   Office Note of Dr. Charlesworth:  patient related history of **"? melanoma removed back 1996"**  (*See Appendix,* at *Tab "6C,"* emphasis added);

d) 1/15/99   Intake Note of Dr. Chicklo:  surgical history related Two spinal surgeries in 1989 and 1993, **"mole – ca on back exc. (1993)"**  (*See Appendix,* at *Tab "6D,"* emphasis added);

e) 1/22/99   Patient History of Dr. Chicklo:  **"spinal surgery and he had a malignant mole excised in 1993 on his back."** (*See Appendix,* at *Tab "6E,"* emphasis added);

f) 2/17/99   New Patient Information Record/Dr. Enders:  Patient Medical History: **"malignant mole on back 93"**  (*See Appendix,* at *Tab "6F,"* emphasis added);

g) 2/17/99   Letter from Dr. Cashdollar to Dr. Chicklo:  "I had the pleasure of seeing Tommy Hall in medical oncology consultation on Wednesday, 2-17-99.  As you are well aware, **Mr. Hall demonstrated a left in scapular dermal lesion in 1993. Pathology revealed a malignant melanoma...."**  "PMH is most notable for the malignant melanoma.  Surgical resection in 1993.  The patient also reports two lumbar spinal procedures in 1989 and 1993 for herniated disk disease" (*See Appendix,* at *Tab "6G,"* emphasis added);

h) 2/18/99   Chambersburg Hospital/Dr. Cashdollar note:  **"History of Melanoma"**  (*See Appendix,* at *Tab "6H,"* emphasis added);

i) 2/23/99    Dr. Enders note:  **"subj:  43 yo white male with melanoma in 1993"**  (*See Appendix,* at *Tab "6I,"* emphasis added);

j) 3/15/99    Colonoscopy Report/Dr. Enders:  "This is a 43 year-old white male who had a **melena [sic] removed in 1993..."** (*See Appendix,* at *Tab "6J,"* emphasis added);

k) 7/15/99    New Patient Clinic Visit Report/Dr. Sharfman:  "This is a 44-year-old white male who was in his usual state of health until 1996 when he had a number of small moles removed on his left neck that was being irritated by his shirt.  **In 1993, a mole developed on his left shoulder blade.  It developed a bright red rim around it.  It was excised.  Pathology showed a malignant melanoma"** (*See Appendix,* at *Tab "6K,"* emphasis added);

l) 7/26/99    Chambersburg Hospital Radiologists Report:  **"History: Melanoma"** (*See Appendix,* at *Tab "6L,"* emphasis added);

m) 9/30/99  Inpatient Record/David Weinreich, M.D.:  History of Present Illness: **"The patient was first diagnosed with melanoma in 1993** and underwent a wide local excision of a shoulder lesion.  It subsequently recurred in his neck, which was excised in January of 1999"  (See *Appendix,* at *Tab "6M,"* emphasis added).

15.  Dr. Charlesworth recalls a discussion between Mr. Hall and his wife regarding whether a cancerous mole had been removed from Mr. Hall, and if so, what type. (*Appendix*, at *Tab "7,"* Charlesworth Dep. at 26-27).  This discussion took place before Mr. Hall filled out the CUNA Application.

16.  On December 11, 1998 (3 weeks after Mr. Hall filled out the Application for CUNA), Mr. Hall returned to Dr. Charlesworth, complaining of a lump on the inside of his throat.  (Charlesworth Dep. at 36-37 & *Appendix*, at *Tab "7B,"* Exhibit Charlesworth 2). The lump later turned out to be cancerous, specifically the metastatic melanoma which caused Mr. Hall's death.

17.  After Larson collected Mr. Hall's medical records, she had them reviewed by Dr. Thomas Ansfield.  (Larson Dep. at 49).  Dr. Ansfield is a practicing physician, a specialist in internal medicine, and a consulting medical director with CUNA. (*Appendix*, at *Tab "16,"* Ansfield Dep. at 4-5).

18.  By letter dated February 10, 2000, CUNA notified Mrs. Hall of its decision.  It denied Plaintiff's claim, rescinded the Policy, and returned the premiums to Plaintiff. **(*Appendix,* at *Tab "17."*)**

19.  Larson referred the Hall file to CUNA's Special Investigative Unit ("SIU"), where the file was reviewed by Michael E. Stel. (*Appendix*, at *Tab "18,"* Dep. of Michael E. Stel, at 14-17).

20.  Stel understood that Pennsylvania law and the Pennsylvania Department of Insurance require the reporting of suspected insurance fraud.

5

21. Stel has never met either Mr. or Mrs. Hall and played no role in CUNA's decision to deny coverage under the HMPII Policy and to rescind the Policy.

22. Based on his review of the file, Stel forwarded a report to the Insurance Fraud Section of the Office of the Attorney General in Pennsylvania because he believed that Mr. Hall may have misrepresented his true medical history at the time of the application for insurance. (*Appendix*, at *Tab "19."*)

23. By letter dated February 22, 2000, Stel notified Mrs. Hall that a report had been filed with the Insurance Fraud Section of the Attorney General's Office. (*Appendix*, at *Tab "20."*)

24. By letter dated February 29, 2000, the Attorney General's Office acknowledged receipt of the report from CUNA. (*Appendix*, at *Tab "21."*)

25. By letter dated March 29, 2000, the Attorney General's Office notified CUNA that, "our investigation of the available facts and information indicate that we cannot initiate a criminal investigation at this time." (*Appendix*, at *Tab "22."*)

26. The Attorney General's office never advised CUNA that its action in reporting the matter for investigation was improper, baseless, or unlawful.

McNEES WALLACE & NURICK LLC

By _/s/ Michael R. Kelley_
Michael R. Kelley
Charles T. Young, Jr.
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
Phone: (717) 237-5322
Fax: (717) 237-5300

Attorneys for Defendants

Dated: August 30, 2002

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date the foregoing document was served by U.S. first-class mail, postage prepaid, upon the following:

Stephen R. Pedersen, Esquire
214 Senate Avenue, Suite 602
Camp Hill, PA 17011

Catherine Mahady-Smith, Esquire
3115-A N. Front Street
Harrisburg, PA 17110

Michael R. Kelley

Attorney for Defendants

Dated: August 30, 2002