# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NANCY HALL, individually and as the | : | CIVIL ACTION - LAW |
| Representative and Administratrix of the | : | |
| Estate of TOMMY HALL, deceased, | : | |
| her husband, | : | |
| | : | |
| Plaintiff, | : | NO. 1:01-CV-1265 |
| vs. | : | |
| | : | |
| CUNA MUTUAL GROUP; CUNA | : | |
| MUTUAL INSURANCE SOCIETY, | : | JUDGE CHRISTOPHER CONNER |
| | : | |
| Defendants. | : | |

FILED
HARRISBURG
SEP 2 0 2002
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## PLAINTIFF'S COUNTERSTATEMENTS OF DISPUTED MATERIAL FACTS

Plaintiff, Nancy Hall, individually and as the Administratrix and Representative of the Estate of her deceased husband, Tommy Hall, hereby submits the following Counterstatement of Material Facts, with supporting documents as required by Fed. R. Civ. P. 56 and Local Rule 56.1.

1.      On or about November 18, 1998, Mr. and Mrs. Hall completed a "Member's Home Mortgage Protection II Application." That application bore Certificate No. 32534 and was filled out truthfully and accurately by Mr. and Mrs. Hall.  See, Application, Exhibit 1; Mrs. Hall's Deposition, Exhibit 2; Mr. Hall's Deposition, Exhibit 3 and 4.

2.      Home mortgage insurance was purchased in the amount of $56,000 as stated on the Home Mortgage Protection Application. The lender, Patriot Federal Credit Union, completed a portion of the application indicating that the loan for the home closed on November 18, 1998 and the loan effective date was January 1, 1999.  See, Application, Exhibit 1.

1

3.      At the time the application was made, Mr. and Mrs. Hall believed that Mr. Hall was in good health without any significant medical problems.  <u>See</u>, Exhibit 2,3 and 4.

4.      Prior to the application being filled out, in 1993, Mr. Hall had a mole removed from his back and the doctor reported to him at that time that there were no medical problems associated with the mole and that he was in good health.  <u>See</u>, Deposition of Dr. James Hurley, Exhibit 5.

5.      On or about January 1, 1999, CUNA Mutual Group and CUNA Mutual Insurance Society issued a coverage schedule and a policy for mortgage insurance in the initial amount of decreasing term life of $55,951.79.  This coverage and policy bore Certificate No. 00032534 and 037-1485-6.  <u>See</u>, Exhibit 6.

6.      The policy was effective from the date of the application.  <u>See</u>, Exhibit 6.

7.      On November 4, 1999, Mrs. Hall, through the Patriot Federal Credit Union Member Service representative, submitted a home mortgage insurance claim notice. On that notice, Mrs. Hall indicated that she was submitting a death claim effective November 4, 1999 for loan payments due following her husband's death.  <u>See</u>, Exhibit 7.

8.      Mr. Hall died on November 4, 1999 as a result of a fast-growing metastatic melanoma.  <u>See</u>, Physicians Statement, Exhibit 8.

9.      Prior to Mr. Hall's death, Mr. and Mrs. Hall only became aware of the melanoma in early 1999.  <u>See</u>, Mr. and Mrs. Hall's Depositions, Exhibits 2, 3 and 4.

10.     Despite a truthful application and the issuance of a Certificate of Insurance, CUNA Mutual Group and CUNA Mutual Insurance Society, according to the Amended Complaint, wrongfully denied payments and benefits under the policy; Amended Complaint,

Dr. Enders (Exhibit 18), Dr. Chicklo (Exhibit 19), Dr. Ramirez (Exhibit 20), Dr. Hoffman (Exhibit 21), all of whom would have confirmed that Mr. Hall had not been treated or diagnosed with cancer prior to the application;

(d)     The hospital surgical records where the mole was removed (Exhibit 12);

(e)     Information Mrs. Hall had, including the video deposition of her husband taken before he died, wherein he testified under oath that he did not become aware of the cancer until after the application (Mr. and Mrs. Hall's Depositions, Exhibits 2, 3 and 4).

14.     Shortly after the Complaint was filed, CUNA received additional documents which proved Mr. and Mrs. Hall were truthful on the application, that Mr. Hall had not previously been treated or diagnosed with cancer, as follows:

(a)     Medical records and work release from Dr. Hurley showing no cancerous findings in 1993 (Exhibit 5);

(b)     Deposition transcript from Dr. Hurley, stating no cancerous finding in 1993 (Exhibit 5);

(c)     Deposition transcripts from pathologists who reviewed the 1993 slides, stating no cancerous findings in 1993 (Exhibits 20 and 21);

(d)     Two deposition transcripts and a sworn videotape deposition of Mr. Hall taken before his death in which Mr. Hall states, under oath, he was not aware of cancer before January, 1999 (Exhibits 3 and 4);

(e)     Voluminous medical records of Mr. Hall revealing no diagnosis and treatment for cancer prior to January, 1999, See, Depositions of numerous doctors, attached as Exhibits 5, 16, 17, 18, 19, 20 and 21.  See also, Defendant's Admissions, Exhibit 22.

4

Dr. Charlesworth (Exhibit 16), Dr. Cashdollar (Exhibit 17), Dr. Enders (Exhibit 18), Dr. Chicklo (Exhibit 19), Dr. Sharfman (Exhibit 23).

(d)    Depositions from CUNA's own employees that the critical document in determining the diagnoses of cancer is a pathology report, that the only pathology report relevant to CUNA's inquiry is the 1993 pathology report and that the 1993 pathology report reveals dysplastic nevus, a non-cancerous finding.  Depositions of Dr. Ansfield (Exhibit 15), Brenda Larson (Exhibit 14) and Barbara Lutz (Exhibit 24).

16.    In addition, on February 22, 2000, the Defendants wrote to Mrs. Hall and indicated that they were reporting the matter to the Pennsylvania Insurance Fraud Section. <u>See</u>, Deposition of Michael Stel, Exhibit 25.

17.    The Pennsylvania Attorney General's Office responded to the referral within one month, indicating that no investigation would take place (Exhibit 25).

18.    CUNA, through its policies and practices, customs and habits, decided not to inform Mrs. Hall that no criminal investigation would take place (Exhibit 25, Expert Reports, Exhibits 9 and 10).

19.    CUNA failed to properly investigate the claim prior to the referral and acted in bad faith and in intentional disregard to their insured's interest when they, among other things:

(a)    Reported a dead person for criminal prosecution, knowing no prosecution could take place (Exhibit 25); Deposition of Rich Fischer (Exhibit 26); Expert Reports (Exhibits 9 and 10).

(b)    Wrote to Mrs. Hall, the surviving spouse, to intimidate and frighten her from pursuing her claim for benefits.  Expert Reports (Exhibits 9 and 10), Deposition of Mrs. Hall

6

(Exhibit 2);

   (c)  Failed to properly fill out the referral form, knowing as a result no investigation would take place.  Deposition of Rich Fischer (Exhibit 26), Michael Stehl (Exhibit 25) and Erin Hefty (Exhibit 27);

   (d)  Systemically used the criminal referral process to wrongfully and in bad faith frighten the insured from pursuing valid claims.  Expert Reports (Exhibits 9 and 10).

  20.  The Amended Complaint asserts that by engaging in all the conduct described above, CUNA committed a breach of contract, made intentional and negligent misrepresentations, exercised bad faith, were negligent, committed fraud, deceit, and violations of their duties of good faith and fair dealing.  As a result, Mrs. Hall and the Estate lost the family residence and Mrs. Hall was mentally and emotionally traumatized, suffered mental anguish and torment and, because of financial necessities resulting from the Defendant's wrongful conduct, is working as a live-in maid (Amended Complaint, paragraphs 28-35).

  21.  All of the conduct described above was engaged in by the Defendants CUNA Mutual Insurance Society and CUNA Mutual Group, jointly.  Attached as Exhibit 28 are numerous documents evidencing CUNA Mutual Group's efforts to hold itself out as the entity doing business with the public.  See also, Deposition of Mr. Lawin, attached as Exhibit 29 and Plaintiff's Expert Report of Mr. Schwartz attached as Exhibit 10.

Respectfully submitted,

DATE: 9/18/02

Stephen R. Pedersen, Esq.
214 Senate Avenue, Suite 602
Camp Hill, PA 17011
I. D. No. 72026
(Co-counsel for Plaintiffs)

AND

Catherine Mahady-Smith, Esq.
3115-A N. Front Street
Harrisburg, PA 17110
(Co-counsel for Plaintiffs)

8

## CERTIFICATE OF SERVICE

And now, this _20th_ day of _September_ 2002, I, Carleen S. Jensen, do hereby certify

that I have, this date, served a true and correct copy of the within **PLAINTIFF'S**

**COUNTERSTATEMENTS OF DISPUTED MATERIAL FACTS** upon each of the attorneys

of record at the following address(es) by sending same in the United States mail:

Michael R. Kelley, Esq.
Charles T. Young
100 Pine Street
P O Box 1166
Harrisburg, PA 17108-1166

Catherine Mahady-Smith, Esq.
3115-A N. Front Street
Harrisburg, PA 17110

DATE: _9/20/02_

Carleen S. Jensen
Assistant to Stephen R. Pedersen, Esquire
214 Senate Avenue, Suite 602
Camp Hill, PA 17011
(717) 763-1170

I. D. No. 72026
Counsel for Plaintiff