

IN THE UNITED STATES COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NANCY HALL, individually and,          :    CIVIL NO. 1:01-CV-1265
as the Representative and              :
Administratrix of the Estate of        :
Tommy Hall, deceased, her husband,     :
                                       :
                Plaintiff              :    (Judge Conner)
        v.                             :
                                       :
CUNA MUTUAL GROUP, CUNA                :           **FILED**
MUTUAL INSURANCE SOCIETY,              :       HARRISBURG, PA
                                       :
                Defendants             :        DEC  5 2002
                                       :
                                            MARY E. D'ANDREA, CLERK
                                            Per _____
                                                   Deputy Clerk

**M E M O R A N D U M**

Before the Court are defendants' motion for partial summary judgment, dated

August 30, 2002, and plaintiff's motion for partial summary judgment, dated September

20, 2002.  The issues have been fully briefed, and the matter is ripe for disposition.

**I.      Factual Background**

This case arises from defendants CUNA Mutual Insurance Society and CUNA

Mutual Group's ( hereinafter "CUNA") denial of credit life insurance benefits to

plaintiff Nancy Hall following the death of her husband.  In November 1998, the Halls

applied for credit life insurance benefits during the refinancing of their mortgage.  The

Halls hoped to secure payment of any remaining mortgage balance in the event of Mr.

Hall's death, and insured his life only.  (Doc. 33 ¶1, Doc. 41 ¶2)

On November 18, 1998, Mr. Hall submitted a "members Home Mortgage

Protection II Application" ("the Application") to CUNA. The Application contains the following question:

1.  **<u>Have you ever been treated for or diagnosed by a member of the medical profession as having</u>** any of the following (Please check the box and circle condition(s) that applies)

    Diabetes; high blood pressure; chest pain; heart, blood, blood vessel, lung or breathing disorders; **<u>cancer</u>**; epilepsy; stroke; pneumonia(s); arthritis, brain, mental, nervous, back, neck, joint or muscular disorders, stomach, intestines, liver, pancreas, or kidney disorders, cirrhosis, drug or alcohol abuse, acquired immune deficiency syndrome or AIDS related complex, or tested positive for antibodies to the AIDS virus? (NOTE TO RESIDENTS OF ME, ND, VT, AND WI: You do not have to disclose positive test results for the antibodies to the AIDS virus)

(emphasis added). On the form, Mr. Hall indicated that he had never been treated for or diagnosed with any of the above disorders. (Doc. 33 ¶2, Doc. 41, Ex. 1). On January 1, 1999, CUNA issued a certificate of insurance to Mr. Hall. (Doc. 33 ¶3, Doc. 41 ¶2).

Mr. Hall died on November 4, 1999. The death certificate listed the cause of death as a metastatic melanoma.[1] (Doc. 33 ¶8, Doc. 41, Ex. 8). Following her husband's death, Mrs. Hall submitted a claim for benefits, accompanied by Mr. Hall's death certificate, to CUNA. Ms. Brenda Larson, a CUNA employee, reviewed the claim. (Doc. 33 ¶10-11, Doc. 41 ¶7).

CUNA began an investigation of Mr. Hall's claim, which included an examination of his medical records. During this investigation, CUNA learned that Dr.

---

[1]A metastatic melanoma is a malignant mole or tumor, which manifests itself at a secondary site - the malignant cells having previously spread by way of the lymphatic system, bloodstream, or some other avenue. (Doc. 33 ¶9).

2

James Hurley removed a mole from Mr. Hall's back in 1993. (Doc. 33 ¶14(a), Doc. 41 ¶4). A 1993 pathology report indicates that this mole was a non-cancerous dysplastic nevus[2], however numerous medical records, dating from April 1998 through Mr. Hall's death, refer to the removal of a "cancerous mole" in 1993 or 1996. (Doc. 33 ¶14, Doc. 41 ¶4). In late 1998, Mr. Hall noticed a lump on his neck. In January 1999, Dr. Ernest Charlesworth excised this lump and diagnosed Mr. Hall with metastatic melanoma. (Doc. 33 ¶16, Doc. 41 ¶9).

During the investigation, Ms. Larson collected Mr. Hall's medical records, and forwarded them to Dr. Thomas Ansfield, a consulting medical director with CUNA. (Doc. 33 ¶17). Dr. Ansfield concluded that Mr. Hall misrepresented his medical history on the application, assuming that he was aware that he had been treated for or diagnosed with cancer prior to the application date. (Doc. 32). The insurance policy contains the following provision:

> If the date of birth, amount of loan, amount of insurance or any other relevant data is found to be misstated, such that insurance would not have been issued had the true date of birth or other data been stated and the Society discovers this during the contestable period [two years from the Effective Date of the policy], Our liability will be limited to a return of premiums paid by the Debtor.

(Doc. 34, Ex. 2).

Mrs. Hall maintains that she and her husband first learned of the melanoma in

---

[2]Ms. Brenda Larson testified in her deposition that she understood "dysplastic nevus" to be "a benign nevus with characteristics similar to melanoma." (Doc. 34, Ex. 5 at 11).

3

early 1999. (Doc. 41 ¶1). On February 10, 2000, CUNA denied plaintiff's claim, rescinded the policy, and returned all paid premiums to Mrs. Hall. (Doc. 33 ¶18, Doc. 41, ¶10).

Ms. Larson also referred the Hall file to CUNA's Special Investigative Unit ("SIU"), where it was reviewed by Mr. Michael Stel. (Doc. 33 ¶19, Doc. 41, Ex. 25). After reviewing Mr. Hall's medical history, Mr. Stel forwarded the file to the Insurance Fraud Section of the Office of the Attorney General in Pennsylvania ("the Attorney General"). (Doc. 33 ¶22)  Mr. Stel informed Mrs. Hall of this referral by letter dated February 22, 2000. (Doc. 33 ¶23, Doc. 41 ¶16). On March 29, 2000, the Attorney General's office informed CUNA that they would not initiate a criminal investigation into the Hall insurance application. (Doc. 33 ¶25, Doc. 41 ¶17). CUNA did not inform plaintiff of the Attorney General's decision. (Doc. 41 ¶18).

On July 9, 2001, plaintiff filed an initial complaint against defendants. (Doc. 1). On May 22, 2002, plaintiff filed an amended complaint, bringing suit against CUNA under the following causes of action: common law breach of contract, bad faith pursuant to 42 Pa. C.S.A. § 8371, negligence, and fraud. (Doc. 25).

## II.    Legal Standard

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is defined as one

that will affect the outcome of the case under the governing law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). "In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party." <u>Reeder v. Sybron Transition Corp.</u>, 142 F.R.D. 607, 609 (M.D. Pa. 1992) (citing <u>White v. Westinghouse Electric Company</u>, 862 F.2d 56, 59 (3d Cir. 1988)).

When deciding a motion for summary judgment, the court does not weigh the evidence for the truth of the matter, but simply determines "whether there is a genuine issue for trial." <u>Schnall v. Amboy Nat. Bank</u>, 279 F.3d 205, 209 (3d Cir. 2002) (citing <u>Anderson</u>, 477 U.S. at 249). An issue of material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Id.</u>

"Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in the complaint; instead, it must 'go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, and designate specified facts showing that there is a genuine issue for trial.'" <u>Schiazza v. Zoning Hearing Bd., Fairview Twp., York County, Pennsylvania</u>, 168 F. Supp.2d 361, 365 (M.D. Pa. 2001) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986)). Summary judgment should be granted when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp.</u>, 477 U. S. at 322-23.

5

The same standard applies when the court is considering cross-motions for summary judgment. However, "the court must construe the motions independently, viewing the evidence presented by each moving party in the light most favorable to the non-movant." Schiazza, 168 F. Supp.2d at 365.

## III.   Discussion

### A.   Plaintiff's Motion for Partial Summary Judgment

Plaintiff has moved for partial summary judgment on the breach of contract component of the amended complaint. Mrs. Hall argues that CUNA breached the credit life insurance contract by failing to honor its promise to pay benefits upon the death of her husband, in exchange for the regular payment of premiums. (Doc. 25). However, this policy also provides that if, within 2 years of the Effective Date of Insurance, CUNA discovers that Mr. Hall misstated material information on the application, CUNA has the right to rescind the policy. (Doc. 34, Ex. 2).

If Mr. Hall misrepresented his medical history when he stated that he had never been treated for or diagnosed with cancer, CUNA had a legal right to rescind plaintiff's policy. Mr. Hall can only be guilty of misrepresenting his medical history if he believed that he **had** been diagnosed with or treated for cancer prior to the application date, yet chose to conceal this fact from defendants. Therefore, the crucial issue to be determined is whether, at the time he filled out the application, Mr. Hall believed that medical professionals had either treated him for or diagnosed him with a form of cancer.

6

In the court's opinion, this issue is not appropriate for disposition on summary judgment. The status of Mr. Hall's medical condition in 1993 confuses highly trained medical personnel, and the court's examination of the record provides no clarity concerning Mr. Hall's knowledge of his cancer diagnosis or treatment. While the pathology report indicates that the mole removed by Dr. Hurley in 1993 was non-cancerous, and Mr. Hall testified in his deposition that he did not know of his cancer prior to January 1999, CUNA has submitted several medical records indicating that Mr. Hall specifically informed his physicians that he had a cancerous mole removed in 1993. (Docs. 34 & 41). In this matter, conflicting evidence must be weighed, and the credibility of witnesses is of crucial importance.

When deciding a motion for summary judgment, it is not the court's duty to weigh the evidence, but to determine whether the non-moving party, CUNA, has established sufficient evidence for a reasonable jury to return a verdict in its favor. In this case, CUNA has presented evidence concerning Mr. Hall's possible pre-application knowledge of his cancer. See Celotex Corp., 477 U. S. at 322-23; Schnall, 279 F.3d at 209 (citing Anderson, 477 U.S. at 249). A reasonable jury could find in favor of CUNA based upon this evidence. Accordingly, the court will deny plaintiff's motion for partial summary judgment on the contract claim. At trial, the factfinder must determine, by an inspection of the medical records and an evaluation of credibility, whether Mr. Hall believed he had been treated for or diagnosed with cancer prior to the application date.

**B.    Defendants' Motion for Partial Summary Judgment**

7

### 1.    Bad Faith Claim

Plaintiff has filed suit against CUNA under 42 Pa. C.S.A. §8371, which penalizes insurance companies who act in bad faith toward an insured by awarding interest, punitive damages, court costs, and attorney's fees to injured plaintiff-insureds.  42 Pa. C.S.A. §8371.  Under Pennsylvania law, "bad faith" is defined as  any frivolous or unfounded refusal to pay proceeds of an insurance policy.  Keefe v. Prudential Property and Casualty Ins. Co., 203 F.3d 218, 225 (3d Cir. 2000); Woody v. State Farm Fire and Casualty Co., 965 F. Supp. 691, 693 (E.D. Pa. 1997); Terletsky v. Prudential Property and Casualty Ins. Co., 437 Pa. Super. 108, 125 (1994) (quoting BLACK'S LAW DICTIONARY, 139 (6th ed. 1990)).

In order to recover under the Pennsylvania bad faith statute, Mrs. Hall must prove that CUNA; (1) did not have a reasonable basis for denying benefits under the policy, and (2) knew or recklessly disregarded the lack of reasonable basis in denying the claim.  See Keefe, 203 F.3d at 225; Klinger v. State Farm Mutual Automobile Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997); Terletsky, 437 Pa. Super. at 125.  Plaintiff must prove both elements by clear and convincing evidence.  Klinger, 115 F.3d at 233; Hofkin v. Provident Life & Accident Ins. Co., 81 F.3d 365, 369 (3d Cir. 1996); Terletsky, 437 Pa. Super. at 125.

In addition to challenging CUNA's initial denial of benefits, plaintiff argues that CUNA received supplemental information after the commencement of this lawsuit which establishes that Mr. Hall was not treated for or diagnosed with cancer prior to

8

the date of application.  Therefore, Plaintiff contends that CUNA's continuing denial of benefits also constitutes bad faith.  See O'Donnell v. Allstate Insurance Co., 734 A.2d 901, 906 (Pa. Super. 1999).

The court finds that plaintiff's bad faith action cannot be resolved by means of a summary judgment motion.   Viewing the evidence in the light most favorable to the non-moving party, plaintiff has put forth a sufficient showing to justify trial of this issue.  See Schnall, 279 F.3d at 209 (citing Anderson, 477 U.S. at 249).  Facts concerning the reasonableness or unreasonableness of CUNA's actions are hotly contested.

A reasonable jury could find that the pathology report, combined with the depositions of Mr. Hall's treating physicians, constitute clear and convincing evidence that CUNA's decision to deny life insurance benefits was unreasonable.  See Reeder, 142 F.R.D. at 609 (citing White v. Westinghouse Electric Company, 862 F.2d 56, 59 (3d Cir. 1988)).  It is the province of the factfinder to determine the reasonableness of CUNA's decision to deny benefits, including its post-complaint actions.  As a result, the court will deny CUNA's motion for summary judgment on plaintiff's bad faith claim.

2.      Defendants' Immunity under 40 P.S. § 3701-507(a)

In the amended complaint, plaintiff asserts that Ms. Larson's referral of the Hall file to the Insurance Fraud Section of the Office of the Attorney General in Pennsylvania constitutes bad faith and negligence.  In its motion for partial summary judgment, CUNA argues that Pennsylvania law provides it with statutory immunity. (Doc. 32).  The court agrees.

CUNA has statutory immunity for its referral of the Hall file to the Attorney General under the provisions of the Insurance Fraud Prevention Act. 40 P.S. § 3701-102 et seq. Section 3701-507(a) states: "In the absence of malice, persons or organizations providing information to or otherwise cooperating with the section, its employees, agents or designees, shall not be subject to civil or criminal liability for supplying the information." 40 P.S. § 3701-507(a).

The law has defined "malice" to mean, "(1) The intent, without justification or excuse, to commit a wrongful act. (2) Reckless disregard of the law or of a person's legal rights." BLACK'S LAW DICTIONARY, p. 968 (7th Ed. 1999). Plaintiff has produced no evidence which satisfies this stringent standard.

CUNA's fraud investigator, Mr. Stel, testified that he believed his referral of the Hall file to the Attorney General was in compliance with Pennsylvania law. Mr. Stel explained in his deposition that he received a bulletin reminding insurers of their duty to inform the Attorney General's Office of suspected insurance fraud. (Doc. 34, Ex. 18 at 41). The undisputed facts demonstrate that Mr. Stel had no participation in the initial denial of plaintiff's claim (Id. at 16-17). The record is devoid of any additional evidence that would lead a reasonable jury to conclude that Mr. Stel's referral was undertaken with malicious intent.

The undisputed facts indicate that CUNA's referral of the Hall file to the Attorney General's Office did not rise to the level of "malice." Therefore, CUNA qualifies for immunity under 40 P.S. § 3701-507(a) and CUNA is entitled to summary

10

judgment on plaintiff's allegations concerning the referral of the Hall file to the

Insurance Fraud Section of the Attorney General of Pennsylvania.

### 3.    Negligence Claim

Plaintiff has argued that CUNA was negligent in denying life insurance benefits

under the contract.  In order to prove a negligence claim under Pennsylvania law,

plaintiff must prove that CUNA owed a duty which was breached, and that this breach

proximately caused plaintiff's harm.  Ney v. Axelrod, 723 A.2d 719, 721 (Pa. Super.

1999).  Plaintiff's negligence claim arises from CUNA's alleged breach of the insurance

contract, raising a question as to whether a tort claim is sustainable in this context.

CUNA contends that plaintiff's negligence claim is an illegitimate attempt to squeeze

further damages from a contract claim.

When determining whether to permit simultaneous prosecution of negligence

and breach of contract claims, Pennsylvania courts utilize two methods, to wit:  the

"gist of the action" doctrine and the "economic loss" test.  Bohler-Uddeholm America,

Inc. v. Ellwood Group, Inc., 247 F.3d 79, 103 (3d Cir. 2001).  Under the "gist of the

action" doctrine, a tort claim based on the failure to fulfill contractual duties can only

be maintained if the contract is "collateral" to conduct that is primarily tortious.

Sunquest Information Systems, Inc. v. Dean Witter Reynolds, Inc., 40 F. Supp.2d 644,

650 (W.D. Pa. 1999); see also Factory Market, Inc. v. Schuller Int'l, Inc., 987 F. Supp.

684, 689 (W.D. Pa. 1997) (holding that a party cannot avoid the gist of the action

doctrine by alleging that defendant acted negligently by failing to fulfill contractual

11

duties).

The basis of plaintiff's complaint is CUNA's failure to fulfill its promise to pay
life insurance benefits upon Mr. Hall's death.  The parties entered into a contractual
agreement, which CUNA allegedly breached.  Here, a contract is not "collateral" to
negligent conduct.  The insurance policy lies at the heart of plaintiff's complaint.  See
Sunquest, 40 F. Supp.2d at 651; Phico Insurance Co. v. Presbyterian Medical Services
Corp., 663 A.2d 753, 758 (Pa. Super. 1995); The Brickman Group, Ltd. v. CGU
Insurance Co., 2001 WL 1736482 at *5-6 (Pa. Com. Pl. 2001) (holding that the gist of the
action doctrine bars plaintiff's fraud claim against defendant insurer because the fraud
claim is dependent upon the insurance contract).

Under the "gist of the action" doctrine, Pennsylvania courts also examine the
source of the duty owed to plaintiff.  Sunquest, 40 F. Supp.2d 651; Phico, 663 A.2d at
757.  Tort actions are based upon breaches of duties imposed as a matter of social
policy, while breach of contract actions involve breaches of duties imposed through
mutual consent.  Phico, 663 A.2d at 757.  The duty owed to Mrs. Hall by CUNA was
based on the contract formed between them, not rules dictated by social policy.  See id.
In the absence of the insurance contract, CUNA certainly would have had no societal
duty to pay money to plaintiff in the event of her husband's death.  See id.

Because the insurance contract is not merely collateral CUNA's alleged
negligence and the source of the duties owed to plaintiff by CUNA are strictly
contractual, the "gist of the action" doctrine bars plaintiff's negligence suit.  Therefore,

12

the court need not analyze the claim under the economic loss doctrine.  <u>Good v. American Heritage Life Ins. Co.</u>, 2002 WL 31385820 at *2 (E.D. Pa. 2002).  CUNA is entitled to judgment as a matter of law, and its motion for partial summary judgment on plaintiff's negligence claim is granted.

### 4.    Plaintiff's claim for pain and suffering and emotional trauma

In her amended complaint, plaintiff seeks damages for pain and suffering and emotional trauma in addition to contractual damages flowing through the insurance policy.  Because the court has granted summary judgment on plaintiff's negligence claim, Mrs. Hall must prove that entitlement to these damages flows from either the common law of contracts or Pennsylvania's bad faith statute.  CUNA has moved for partial summary judgment, arguing that neither action provides for an award of these damages in the present action.

Proper damages in a successful common law contract action place the plaintiff in the economic position she would have occupied had the breach of contract not occurred.  <u>Fort Washington Resources, Inc. v. Tannen</u>, 901 F. Supp. 932, 943 (E.D. Pa. 1995); <u>Harmon v. Chambers</u>, 57 A.2d 842, 845 (Pa. 1948).  CUNA asserts that this precept limits plaintiff's potential recovery to the sum of money she would have received under the insurance contract had CUNA paid the policy benefits.  Courts do not award pain and suffering or emotional distress damages in breach of contract actions unless the emotional distress is combined with bodily harm or the breach is of such kind and such degree that serious emotional disturbance is a likely result.  See

13

Hayfield v. Home Depot U.S.A., Inc., 168 F. Supp.2d 436, 460 (E.D. Pa. 2001); Rodgers v. Nationwide Insurance Co., 496 A.2d 811, 815 (Pa. Super. Ct. 1985).

Plaintiff argues that CUNA's alleged breach of the insurance contract potentially rises to this level. However, Pennsylvania case law does not support plaintiff's argument. In Krisa v. The Equitable Life Assurance Society, 109 F.Supp.2d 316, 323 (M.D. Pa. 2000) (applying Pennsylvania law), the court examined whether breach of an insurance contract is of such kind and such degree that serious emotional disturbance is a likely result. The court held that the plaintiff, who brought a breach of contract action against defendant insurer for denial of disability benefits, was not entitled to extra-contractual damages because breach of the insurance contract failed to satisfy this standard. See also Duffy v. Nationwide Mutual Insurance Co., 1993 WL 475501 at *4 (E.D. Pa. 1993) (holding that emotional damages are not recoverable for bad faith breach of an insurance contract under Pennsylvania law).

Similarly, plaintiff is not entitled to recover emotional distress damages under Pennsylvania's bad faith statute. If an insurer acts in bad faith toward an insured, this statute provides for an award of interest, punitive damages, court costs, and attorney's fees. 42 Pa. C.S.A. § 8371. In Krisa, supra, the court observed that the purpose of punitive damages is to penalize insurers who act in bad faith toward insureds, and that damages for emotional distress closely resemble punitive damages. 109 F. Supp.2d at 323. The Krisa court concluded that an award of emotional distress damages for a violation of Pennsylvania's bad faith statute would be redundant. Id.

14

The <u>Krisa</u> court's holding is supported by principles of statutory construction. <u>See</u> <u>Duffy</u>, 1993 WL 475501 at *4.  The bad faith statute permits an award of punitive damages to an injured plaintiff, but the statute is silent on the issue of damages for pain and suffering or emotional distress.  <u>Id.</u>  According to the rules of statutory construction, a clear statutory remedy is exclusive.  <u>Id.</u>  Because the bad faith statute specifies remedies other than emotional distress damages, plaintiff is not entitled to recover emotional distress damages.

Thus, the court finds that CUNA is entitled to judgment as a matter of law, and its motion for partial summary judgment on plaintiff's claims for pain and suffering and emotional damages is granted.

### 5.    Fraud Claim

In her amended complaint, plaintiff generally alleges that CUNA's failure to pay the proceeds due under the insurance policy constitutes fraud.  (Doc. 25).  However, as mentioned above, the "gist of the action doctrine" bars fraud claims which are dependent upon a breach of contract action filed against an insurer.  <u>The Brickman Group</u>, 2001 WL 1736482 at *5-6.

Assuming, *arguendo* that the "gist of the action" doctrine does not bar plaintiff's fraud claim, the facts support defendant's motion for partial summary judgment on this portion of the amended complaint.  In Pennsylvania, the elements of fraud are: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the

15

intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. Bortz v. Noon, 729 A.2d 555, 560 (Pa. 1999).

The facts, viewed in the light most favorable to plaintiff, demonstrate her inability to satisfy the third element of a fraud action. See Celotex Corp., 477 U.S. at 322-23. In order to establish the prima facie elements of fraud, plaintiff must prove that CUNA never intended to pay life insurance benefits upon Mr. Hall's death. See id. Plaintiff has produced no evidence indicating that CUNA intended to deny plaintiff's claim for benefits at the time it issued a certificate of insurance. Although plaintiff alleges that CUNA did not honor its promise to pay benefits to Mrs. Hall, "[a]n unfulfilled promise to do something in the future . . . does not constitute fraud." Huddleston v. Infertility Ctr. Of American, Inc., 700 A.2d 453, 461 (Pa. Super. 1997).

The facts demonstrate that plaintiff has failed to put forth a showing sufficient to withstand a motion for partial summary judgment on her fraud claim. Therefore, CUNA is entitled to judgment as a matter of law and its motion for partial summary judgment on the fraud claim is granted.

### 6.    Dismissal of CUNA Mutual Group

The defense argues that "CUNA Mutual Group" should be eliminated from the caption of the amended complaint because it is not a legal entity and it is not the proper party to a bad faith suit under 42 Pa. C.S.A. § 8371. Based upon the court's review of the record, the court finds that there are material issues of fact concerning

16

CUNA Mutual Group's role in the insurance contract and in the decision to deny beneifts.  Therefore, the court will deny CUNA's motion for partial summary judgment seeking the dismissal of CUNA Mutual Group from the caption of the case.

**IV.     Conclusion**

For the foregoing reasons, plaintiff's motion for partial summary judgment on the breach of contract claim is denied.  CUNA's motion for partial summary judgment on plaintiff's bad faith claim pursuant to 42 Pa. C.S.A. § 8371 is also denied.  CUNA's motion for partial summary judgment is granted on the following claims:  the referral to the Insurance Fraud Section of the Office of the Attorney General in Pennsylvania; negligence claim; claim for pain and suffering and emotional damages; and fraud claim.  Defendants' summary judgment motion regarding the dismissal of "CUNA Mutual Group" from the case is denied.  An appropriate order will issue.

CHRISTOPHER C. CONNER
United States District Judge

Dated:        December 5, 2002

17

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NANCY HALL, individually and,          :          CIVIL NO. 1:01-CV-1265
as the Representative and              :
Administratrix of the Estate of        :
Tommy Hall, deceased, her husband, :
                                       :
                    Plaintiff          :          (Judge Conner)
                                       :
         v.                            :
                                       :                    FILED
CUNA MUTUAL GROUP, CUNA                :          HARRISBURG, PA
INSURANCE SOCIETY,                     :
                                       :              DEC  5 2002
                    Defendants :
                                                 MARY E. D'ANDREA, CLERK
                                                 Per _____
                                                           Deputy Clerk

## O R D E R

AND NOW, this 5th day of December, 2002, upon review of the parties' respective

motions for partial summary judgment and supporting documentation, it is hereby

ORDERED as follows:

1.  Plaintiff's motion for partial summary judgment is denied.

2.  Defendants' motion for partial summary judgment on the referral to the
    Insurance Fraud Section of the Office of the Attorney General in
    Pennsylvania is GRANTED.

3.  Defendants' motion for partial summary judgment on the negligence
    claim is GRANTED.

4.  Defendants' motion for partial summary judgment on the claim for pain
    and suffering or emotional damages is GRANTED.

5.  Defendants' motion for partial summary judgment on the fraud claim is
    GRANTED.

6.    In all other respects, defendants' motion for partial summary judgment is
      DENIED .

7.    The clerk is directed to defer entry of judgment until completion of the
      case.

CHRISTOPHER C. CONNER
United States District Judge