#54
12/20/02

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NANCY HALL, individually and as the  :
Representative and Administratrix of  :
the Estate of TOMMY HALL, deceased,   :   CIVIL NO. 1:CV-01-1265
her husband,                          :
                                      :
    Plaintiff                       :
                                      :   (Judge Conner)
v.                                    :
                                      :
CUNA MUTUAL GROUP; CUNA               :
MUTUAL INSURANCE SOCIETY,             :
                                      :
    Defendants                      :

FILED
HARRISBURG, PA
DEC 20 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

# MEMORANDUM

Before the court is plaintiff's motion in limine, dated November 4, 2002. (Doc. 48). The parties have briefed the issues, and the matter is ripe for disposition.

## I.  Factual Background

This case arises from defendants CUNA Mutual Insurance Society and CUNA Mutual Group's (hereinafter "CUNA") denial of credit life insurance benefits to plaintiff Nancy Hall following the death of her husband. In November 1998, the Halls applied for credit life insurance benefits while refinancing their mortgage. (Doc. 33, ¶ 1 & Doc. 41, ¶ 2).

On November 18, 1998, Mr. Hall submitted a "members Home Mortgage Protection II Application" ("the Application") to CUNA. On the application form, Mr. Hall indicated that he had never been treated for or diagnosed with cancer. (Doc. 33, ¶ 2 & Doc. 41, Ex. 1). On January 1, 1999, CUNA issued a certificate of insurance to Mr. Hall. (Doc. 33, ¶ 3 & Doc. 41, ¶ 2).

On November 4, 1999, Mr. Hall died of metastatic melanoma. (Doc. 33, ¶8, Doc. 41, Ex. 8). Following her husband's death, Mrs. Hall submitted a claim for benefits, accompanied by Mr. Hall's death certificate, to CUNA. (Doc. 33, ¶ 10-11 & Doc. 41, ¶ 7). Defendants concluded that Mr. Hall misrepresented his medical history on the application, assuming that he was aware that he had been treated for or diagnosed with cancer prior to the application date. (Doc. 32). Mrs. Hall maintains that she and her husband first learned of the melanoma in early 1999. (Doc. 41 ¶ 1). On February 10, 2000, CUNA denied plaintiff's claim. (Doc. 33 ¶ 18, Doc. 41, ¶ 10).

Plaintiff filed a motion in limine and supporting brief on November 4, 2002. (Docs. 48 & 49). Defendants replied on November 19, 2002. (Doc. 50). On December 4, 2002, plaintiff submitted her reply brief to the court. (Doc . 52).

**II.        Discussion**

     **A.    The April 30, 1998 medical record**

Plaintiff seeks to exclude an entry in her husband's medical records, obtained from Dr. Charlesworth's office and dated April 30, 1998. The entry reads, "CA [cancerous] mole removed – 96." Mrs. Hall contests the existence of this 1996 mole, and argues that the record should be excluded because it is "erroneous." (Doc. 49). Plaintiff also contends that because CUNA did not have this medical record in its possession at the time of the initial denial of benefits, defendants cannot introduce the document.

The accuracy of the April 30, 1998 medical record is irrelevant for purposes of admissibility. The factfinder must determine whether CUNA breached their contract with plaintiff by denying life insurance benefits. Central to this determination is whether decedent Hall believed he had been treated for or

diagnosed with cancer prior to the application date. Regardless of its accuracy, the medical record in question provides evidence that Mr. Hall believed he had been treated for or diagnosed with the disease in 1996.

In addition, Mrs. Hall seeks to demonstrate that CUNA's decision to deny benefits amounts to statutory bad faith because CUNA did not have a reasonable basis its decision. See Keefe v. Prudential Property and Casualty Ins. Co., 203 F.3d 218, 225 (3d Cir. 2000). The existence of this medical record supports CUNA's contention that the denial was reasonable, although possibly incorrect. Though CUNA did not possess this record at the time of its initial denial of benefits, plaintiff's complaint encompasses defendants' conduct after the denial of benefits. See Williams v. Hartford Casualty Insurance Co., 83 F. Supp.2d 567, 574 (E.D. Pa. 2000). Regardless of its accuracy, the April 30, 1998 medical record is relevant to Mr. Hall's potential knowledge of his cancer status and the reasonableness of CUNA's denial of life insurance benefits. Therefore, the court will allow entry of this medical record into evidence at trial.

**B.     Testimony of CUNA's handwriting expert**

At trial, CUNA intends to introduce the testimony of Mr. John Gencavage, a forensic document examiner. Mr. Gencavage opines that Mr. Tommy Hall wrote the aforementioned April 30, 1998 medical record. (Doc. 49, Ex. 2). In his report, Mr. Gencavage writes, "Tommy B. Hall wrote the handprinting in question." Id. Mrs. Hall argues that the court should exclude this report and any resulting testimony because Mr. Gencavage's opinion lacks the necessary degree of certainty.

Pennsylvania law requires an expert witness to state an opinion "within a reasonable degree of certainty."[1] Montgomery v. South Philadelphia Med. Group, Inc., 656 A.2d 1385, 1390 (Pa. Super. 1995). Failure to meet this standard can result in the exclusion of the evidence. Id. Mr. Gencavage's report merely states his opinion, making no mention of the degree of certainty with which he holds his opinion. (Doc. 49, Ex. 2).

An expert need not use the "magic words" of "reasonable certainty" to survive a motion to exclude testimony. See Hall v. Babcock & Wilcox Co., 69 F. Supp.2d 716, 722 (W.D. Pa. 1999); Kovach v. Central Trucking, Inc., 808 A.2d 958, 961 (Pa. Super. 2002); Montgomery, 656 A.2d at 1390. A court must examine the expert's opinion in its entirety to determine whether the testimony meets the "reasonable certainty" standard. See id.

Mr. Gencavage unequivocally states that Mr. Hall wrote the notation found within the April 30, 1998 medical record. (Doc. 49, Ex. 2). He does not use qualifying words like "possibly" or "probably." See id. The opinion is based on widely accepted methodology, not "mere conjecture or speculation." See Kovach, 808 A.2d at 961. Mr. Gencavage articulates clear reasons supporting his opinion. Viewed in its entirety, Mr. Gencavage's opinion satisfies the "reasonable certainty" standard. See Hall, 69 F. Supp.2d at 722; Kovach, 808 A.2d at 961; Montgomery, 656 A.2d at 1390. The court will allow the challenged testimony.

---

[1] In a diversity case, this court applies the forum state's rules regarding the degree of certainty required to admit an expert opinion. See Heller v. Shaw Indus. Inc., 167 F.3d 146, 153 n.4 (3d Cir. 1999).

4

### C. Request for production of documents

On February 28, 2002, Mrs. Hall served a Second Request for Production of Documents on CUNA. (Doc. 49, Ex. D). CUNA objected to the requests. Id. at Ex. D. On April 19, 2002, Judge Sylvia H. Rambo issued an order directing CUNA to "respond to questions #4 through #18 of Plaintiff's Request for Production of Documents." (Doc. 21). On May 30, 2002, CUNA provided a document to Mrs. Hall in response to this request. CUNA contends that it has fully satisfied its obligations under the April 17 court order. Mrs. Hall argues that CUNA refuses to comply with the court's order directing them to fully answer the Second Request for Production of Documents and continues to withhold requested documents. (Doc. 48). She asks the court to sanction CUNA by prohibiting them from offering a defense in this matter. Id.

CUNA denies failing to disclose responsive documents. (Doc. 50). They contend that the requested responsive documents simply do not exist. Id. Mrs. Hall fails to identify the specific documents she accuses CUNA of withholding. In order to justify the exclusion of evidence, a party must demonstrate that this severe sanction is "just," and that the moving party has been "prejudiced" by the failure to comply with the discovery order. See Nicholas, M.D. v. Pennsylvania State University, 227 F.3d 133, 148 (3d Cir. 2000); General Ins. Co. of America v. Eastern Consolidated Utilities, Inc., 126 F.3d 215, 220-21 (3d Cir. 1997).

Mrs. Hall fails to identify which documents CUNA is withholding. She also cannot demonstrate how their absence prejudices her trial preparation. See id. The court notes the considerable lapse of time between the discovery deadline and the filing of this motion, which suggests a lack of prejudice. The court cannot impose

sanctions on CUNA for failure to comply with a discovery order under these circumstances.

**III.       Conclusion**

The court will deny plaintiff's motion in limine in its entirety.

_____
CHRISTOPHER C. CONNER
United States District Judge

Dated:      December 20, 2002