ORIGINAL

FILED
HARRISBURG, PA

DEC 23 2002

MARY E. _____ CLERK
Per _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Nancy Hall, individually and as the Representative and Administratrix of the Estate of Tommy Hall, deceased, her husband, | : | CIVIL ACTION - LAW |
| Plaintiff | : | |
| v. | : | 1:01-CV-1265 |
| CUNA Mutual Group, CUNA Mutual Insurance Society, | : | |
| Defendants | : | (Judge Christopher C. Conner) |

### DEFENDANTS' PRETRIAL MEMORANDUM

Date conference was held by counsel:   December 21, 2002

**A.   Brief Statement as to Federal Court Jurisdiction**

This matter is before the Middle District for diversity jurisdiction pursuant to 28 U.S.C. Section 1332.

B. **Summary Statement of Facts and Contentions as to Liability**

On November 18, 1998, Tommy Hall, the now deceased husband of Plaintiff Nancy Hall, submitted an application for life insurance on a mortgage loan for his home. In the application, Hall stated that he had never been diagnosed with or treated for cancer by a member of the medical profession. Based upon this representation, CUNA Mutual Insurance Society issued a life insurance policy to Mr. Hall. After Mr. Hall's death, CUNA learned that Mr. Hall had, in fact, been diagnosed with and treated for cancer by a member of the medical profession before the date of his application. Because he misrepresented his true medical history on his application, CUNA denied coverage and rescinded the policy, returning all premiums paid.

Following resolution of CUNA's motion for summary judgment, the only two remaining claims in this matter are for breach of contract and statutory bad faith. CUNA contends that it did not breach the contract with Mr. Hall, or deny Mrs. Hall's claim in bad faith, because Mr. Hall lied on his application and failed to disclose a previous history of cancer. CUNA's belief that Mr. Hall had a previous history of cancer is reasonable and there is no basis to conclude that CUNA knew it had no reasonable basis to deny the claim or that is was reckless in denying the claim. CUNA, therefore,

2

asserts that a defense verdict should be entered in its favor on both the contract and statutory bad faith claims.

### C. Comprehensive Statement of Undisputed Facts

See Comprehensive Statement of Undisputed Facts attached as Exhibit A to the Appendix to the Pretrial Memorandum.

### D. Brief Description of Damages

Under the breach of contract claim, Plaintiff seeks $55,460 as the amount she is entitled to received as a death benefit under the insurance policy issued to Tommy Hall. She will seek interest on that amount from the date of death to present.

On the bad faith cause of action, Plaintiff will seek to recover statutory interest (prime rate plus 3% (which would be 7.25%)), attorneys' fees, and punitive damages against CUNA.

### E. Names and Addresses of Witnesses to be Called

1. Plaintiff Nancy Hall;

2. Brenda Larson, Madison, Wisconsin;

3. Thomas J. Ansfield, M.D., Madison, Wisconsin;

4. William F. Nardi, Madison, Wisconsin;

5. Richard Fischer, Madison, Wisconsin;

6. Barbara J. Lutz, Waverly, Iowa;

7.     Dr. Ernest Charlesworth, Chambersburg, Pennsylvania;

8.     James Chicklo, M.D., Chambersburg, Pennsylvania;

9.     Michael Cashdollar, M.D., Chambersburg, Pennsylvania;

10.    John Enders, M.D., Chambersburg, Pennsylvania;

11.    William Sharfman, M.D., Johns Hopkins Medical Center, Maryland;

12.    Paula Statler, Chambersburg, Pennsylvania;

13.    Marcia Feldman, Chambersburg, Pennsylvania;

14.    John Millhouse, Jr., Shippensburg, Pennsylvania;

14.    Charlotte A. Lee, M.D., Expert Medical Director, 5018 Arapahoe, Shawnee, Kansas;

15.    Tim Terry, Expert-Life Insurance, 128 Desert West Drive., Rancho Mirage, California;

16.    John S. Gencavage, handwriting expert, 140 Hunter Lane, Harrisburg, Pennsylvania

### F.    Summary of Testimony of Each Expert Witness

Charlotte Lee's expert report is attached as Exhibit B to the Appendix to the Pretrial Memorandum. Tim Terry's expert report is attached as Exhibit C to the Appendix to the Pretrial Memorandum. John Gencavage's expert report is attached as Exhibit D to the Appendix to the Pretrial Memorandum.

### G. Special Comment About Discovery

Defendants request that the Court authorize it to obtain the original medical records from Dr. Charlesworth, Dr. Chicklo, and Dr. Enders for the use at trial, as these original documents form the basis of the testimony of John Gencavage. Defendants further request that Plaintiff produce an original of the death certificate for Mr. Hall.

### H. Legal Issues

The legal issues and legal support are primarily addressed in CUNA's motion for summary judgment and motions in limine. In addition, the following issues may arise during the course of the trial.

1. **Admissibility of Mr. Hall's deposition and videotaped deposition:** Mr. Hall's deposition testimony is barred as inadmissible hearsay under Fed.R.Evid. 802. The testimony is <u>not</u> an admission by a party opponent under Fed.R.Evid. 801(d)(2) because it's not being used against Plaintiff. The testimony is also <u>not</u> admissible as a prior statement under Fed.R.Evid. 801(d)(1). Mr. Hall is obviously not available to testify. Finally, Mr. Hall's testimony is not admissible under Fed.R.Evid. 804(b)(1).

Dr. Hurley and Dr. Guthrie did not act as CUNA's "predecessor in interest" with "an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." See Fed.R.Evid. 804(b)(1). Mr. Hall was not questioned regarding the medical records most directly at issue in this case. Further, CUNA and the doctors have very different motivations.

2. **Admissibility of prior doctors' depositions:** The prior doctors' depositions are barred from evidence as inadmissible hearsay under Fed.R.Evid. 802. In addition, the testimony is not admissible under Fed.R.Evid. 804(b)(1). The doctors are available to testify. Moreover, Dr. Hurley, Dr. Guthrie, et al. did not act as CUNA's "predecessor in interest" with "an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination."

3. **Reports to the Insurance Fraud Section of the AG's Office:** CUNA had a duty to report suspected insurance fraud, 40 P.S. § 3701-504, and it is immune for doing so. 40 P.S. § 3701-507(a). CUNA's liability, if any, may not be based on this

6

reporting. Any testimony in this regard is therefore grossly prejudicial, and not admissible into evidence. Fed.R.Evid. 403.

    4. **Post-claim underwriting:** "Post Claim Underwriting occurs when a Company fails to complete medical underwriting and resolve all reasonable questions arising from information submitted to it on its application form prior to policy issue. In this [case], there were no such questions to resolve -- the applicant denied any history of medical disorders that [CUNA] questioned on the application." (Tim Terry's Report, at p.4, ¶VIII.2.) In this case, there is no evidence to support an allegation of post-claim underwriting. Any testimony regarding post-claim underwriting is therefore irrelevant, prejudicial, and will only serve to confuse and prejudice the jury. Fed.R.Evid. 403.

    5. **"Systemic" bad faith:** In this case, there is no evidence to support an allegation of "systemic" bad faith. Moreover, allegations of other "bad acts" are generally not admissible. Fed.R.Evid. 404(a). They are only admissible for specific purposes such as to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of

7

mistake or accident." None of these exceptions is applicable. Therefore, any testimony regarding alleged systemic conduct is irrelevant, prejudicial, and will only serve to confuse and prejudice the jury. Fed.R.Evid. 403.

6. **Emotional distress damages:** Proof of emotional distress is irrelevant, and will only serve to inflame and prejudice the jury. Fed.R.Evid. 403. Emotional distress damages are not recoverable in a contract action. They are also not recoverable in an action for bad faith. Finally, there is no evidence of emotional distress -- stemming from the denial of coverage (as opposed to Mrs. Hall's grief over the loss of her husband). Cites are provided in CUNA's Brief in Support of Partial Summary Judgment.

I. **Stipulations Desired**

CUNA requests that Plaintiff stipulate that the CUNA employees and Dr. Ansfield, who are traveling from Madison Wisconsin for the trial, be permitted to provide all testimony relevant to the action, including matters beyond the scope of direct examination, if they are called as witnesses in Plaintiff's case. The reason for this request is that it would be unfair and cause considerable practical difficulties to require the CUNA witnesses to

8

travel to and from Madison, Wisconsin (about twelve hours of travel time each round trip) twice in the span of about seven days of trial. CUNA further requests that the physicians being called live in this case, and who are fact witnesses rather than experts, be permitted to give all relevant testimony in their first trip to the witness stand, rather than being subject to recall in later stages of the case.

### J. Estimated Number of Trial Days

Seven.

### K. Any Other Matter Pertinent to the Case to be Tried

<u>Bifurcation</u>. CUNA requests that the issue of punitive damages be decided separately from the issues of breach of contract and violation of the bad faith statute. The admission of evidence of CUNA's assets and wealth before the Jury has decided whether CUNA acted in bad faith in denying Plaintiff's claim will be unfairly prejudicial to CUNA, and may serve to produce a result that is more likely based upon the relative disparity in wealth of the parties, rather than upon the law and facts of the case. The issue of punitive damages can readily be presented to the Jury, if necessary, following its deliberations on the breach of contract and bad faith claims. CUNA has submitted a proposed Verdict Form (See Exhibit F

of the Appendix) that would separate the consideration of the punitive damages issue from the breach of contract and bad faith issues.

### L. Schedule of Exhibits

See Schedule of Exhibits attached as Exhibit E to the Appendix to the Pretrial Memorandum.

### M. Special Verdict Questions

See Special Verdict Questions attached as Exhibit F to the Appendix to the Pretrial Memorandum.

### N. Certification of Settlement Authority

Defense counsel certifies that the person or committee with settlement authority has been notified of their requirements of and possible sanctions under Local Rule 16.2. CUNA has made an offer of judgment in the amount of $275,000, dated December 19, 2002, a copy of which is attached as Exhibit "G" to the Appendix to the Pretrial Memorandum. Plaintiff's last demand was $800,000.

### O. Certificate of Meeting Regarding Depositions and Videotapes

Counsel for Defendants has not yet met with counsel for Plaintiff to review depositions and videotapes in an effort to eliminate irrelevancies, side comments, resolve objections, and other matters not necessary for

consideration by the trier of fact. Counsel represents that such a meeting will take place prior to trial.

**P.** **Not Applicable**

McNEES WALLACE & NURICK LLC

By *Michael R. Kelley*
Michael R. Kelley
Charles T. Young
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
Phone: (717) 237-5322
Fax: (717) 237-5300

Attorneys for Defendants
CUNA Mutual Group, CUNA Mutual
Insurance Society

Dated: 12/23/02

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date the foregoing document was served by first-class mail, postage prepaid, upon the following:

Stephen R. Pedersen, Esquire
214 Senate Avenue, Suite 602
Camp Hill, PA 17011

Catherine Mahady-Smith, Esquire
3115-A N. Front Street
Harrisburg, PA 17110

*Michael R. Kelley*
Michael R. Kelley
Counsel for Defendants
CUNA Mutual Group and CUNA Mutual Insurance Society

Dated: 12/23/02