2 to ct

59

12/24/0...

FILED
HARRISBURG, PA

DEC 2 3 2002

MARY E. ___DREA, CLERK
Per ___ RB
         Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Nancy Hall, individually and             :        **CIVIL ACTION - LAW**
as the Representative and                 :
Administratrix of the Estate of           :
Tommy Hall, deceased, her husband,        :
                    **Plaintiff**          :
                                          :
             **v.**                        :        **1:01-CV-1265**
                                          :
Cuna Mutual Group, Cuna Mutual            :
Insurance Society,                        :
                    **Defendants**         :        **(Judge Christopher C. Conner)**

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants, by and through their attorneys McNEES WALLACE & NURICK LLC,

hereby submit these Proposed Jury Instructions.  Defendants request that the following

Jury Instructions be given to the jury:

## BURDEN OF PROOF

1.  In civil cases such as this one, the plaintiff has the burden of proving those contentions which entitle him or her to relief.  In this case, the Plaintiff has asserted two claims against CUNA.  The first claim is that CUNA breached an insurance agreement.  The second claim is that CUNA acted in "bad faith" in denying Plaintiff's insurance claim.  Plaintiff has the burden of proof on both of these claims, but the burden of proof on the claim for breach of contract is different than the burden of proof on the bad faith claim.

When a party asserts a breach of contract claim, his or her contentions on that issue must be established by a fair preponderance of the evidence.  The evidence establishes a contention by a fair preponderance of the evidence if you are persuaded that it is more probably accurate and true than not.

To put it another way, think, if you will, of an ordinary balance scale, with a pan on each side.  Onto one side of the scale, place all of the evidence favorable to the plaintiff; onto the other, place all of the evidence favorable to the defendant.  If, after considering the comparable weight of the evidence, you feel that the scales tip, ever so slightly or to the slightest degree, in favor of the plaintiff, your verdict must be for the plaintiff.  If the scales tip in favor of the defendant, or are equally balanced, your verdict must be for the defendant.

Modified Pa. SSJI (Civ) 5.50, Burden of Proof.

2. In order to hold CUNA liable for bad faith conduct, you must find that (1) CUNA did not have a reasonable basis for denying benefits under the policy, and (2) it knew or recklessly disregarded its lack of a reasonable basis in denying the claim. Plaintiff must prove both of these elements to you by clear and convincing evidence.

Keefe v. Prudential Prop. and Cas. Ins. Co., 203 F.3d 218, 225 (3rd Cir. 2000); Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3rd Cir. 1997).

3.  Clear and convincing evidence is a higher burden of proof than preponderance of the evidence.  Clear and convincing evidence is evidence that is so clear, direct, weighty and convincing as to enable you to come to a clear conviction, without hesitancy, of the truth of the precise facts at issue.

Polselli v. Nationwide Mut. Fire Ins. Co., 23 F.3d 747, 752 (3rd Cir. 1994); Delahanty v. First Pennsylvania Bank, N.A., 464 A.2d 1243, 1252-53 (Pa. Super. 1983) (quoting Gerfin v. Colonial Smelting & Refining Co., 97 A.2d 71, 74 (Pa. 1953)).

## BREACH OF CONTRACT

4. To prevail on her claim that CUNA breached the insurance contract, Plaintiff must establish that there was an agreement with CUNA; that CUNA breached a duty imposed by that agreement; and that the breach resulted in damages to Plaintiff. The burden is on Plaintiff to establish coverage under the insurance policy. The burden is on CUNA to show that Plaintiff is not entitled to recover due to the wrongful conduct of Mr. Hall.

Nationwide Mut. Ins. Co. v. Cosenza, 258 F.3d 197, 206 (3rd Cir. 2001); Ehrgood v. Coregis Ins. Co., 59 F. Supp.2d 438, 442 (M.D. Pa. 1998); Perry v. Sonic Graphic Systems, Inc., 94 F. Supp.2d 616, 622 (E.D. Pa. 2000); Reformed Church of the Ascension v. Theodore Hooven & Sons, Inc., 764 A.2d 1106, 1109 (Pa. Super. 2000).

5.   Under Pennsylvania law, when a party breaches a contract, the non-breaching party is entitled to the benefit of his or her bargain, meaning the damages that will put that party in the economic position that he or she would have occupied had the contract been performed.  A plaintiff may not recover, in a claim for breach of contract, damages for emotional distress, mental anguish, humiliation, or injury to his or her feelings.

Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co., Inc., 267 F.3d 340, 351 (3rd Cir. 2001); Hayfield v. Home Depot U.S.A., Inc., 168 F. Supp.2d 436, 460 (E.D. Pa. 2001); Krisa v. Equitable Life Assurance Soc'y, 109 F. Supp.2d 316, 323 (M.D. Pa. 2000); Fort Washington Resources, Inc. v. Tannen, 901 F. Supp. 932, 943 (E.D. Pa. 1995).

6.  In this case, you have heard testimony that CUNA rescinded the policy insuring Tommy Hall and returned all of the premiums to Plaintiff.  Rescission of a contract means that one party has a right to undo a contract and to seek to put the parties in the position they occupied before the contract was created.  In this case, you may find that CUNA was permitted to rescind the Certificate of Insurance issued to Mr. Hall if you find either that (1) CUNA was induced to issue the Certificate based on the fraud of Mr. Hall, provided the fraud was to a material part of the Application; or (2) CUNA relied on a material misrepresentation by Mr. Hall, even if Mr. Hall did not intend to deceive CUNA.

Modified Pa. SSJI (Civ) 15.24, Rescission -- Unilateral Rescission; Connecticut Mut. Life Ins. Co. v. Wyman, 718 F.2d 63, 67 (3rd Cir. 1983); Jung v. Nationwide Mut. Fire Ins. Co., 949 F. Supp. 353, 356 (E.D. Pa. 1997).

7.  Information is deemed material to the risk assumed by an insurer when knowledge or ignorance of that information would have influenced the decision of the insurer in issuing the policy, assessing the nature of the risk, or setting premium rates. Most risks are insurable at some price.  However, if you find that Mr. Hall misrepresented a material fact, CUNA may avoid liability under the policy.  It is irrelevant whether CUNA might have agreed to provide insurance coverage under some other arrangement had the material fact been disclosed.

New York Life Ins. Co. v. Johnson, 923 F.2d 279, 283 (3rd Cir. 1991); Rohm and Haas Co. v. Continental Cas. Co., 781 A.2d 1172, 1179 (Pa. 2001).

8.  In this case, if you find that CUNA breached the insurance policy with Plaintiff, and did not have the right to rescind the policy, then you shall award Mrs. Hall the sum of $55,460, which represents the remaining balance on the mortgage at the time of Mr. Hall's death.  The Court will then award Plaintiff interest on this amount.  If you find that CUNA was justified in rescinding the policy, you should award no money to Plaintiff.

**BAD FAITH**

9.  In order to hold CUNA liable for bad faith, you must find that (1) CUNA did not have a reasonable basis for denying benefits under the policy, and (2) it knew or recklessly disregarded its lack of a reasonable basis in denying the claim.  There is both an objective and subjective element to this rule.  In order to find that CUNA's denial of Plaintiff's claim was made in bad faith, you must find first that, objectively, there was no reasonable basis for CUNA's decision; and second, that CUNA's representatives themselves, subjectively, (meaning in their own minds) either knew that there was no reasonable basis for their decision or recklessly disregarded their lack of a reasonable basis.  As I have instructed you, Plaintiff must prove both of these elements to you by clear and convincing evidence.  Clear and convincing evidence is evidence that is so clear, direct, weighty and convincing as to enable you to come to a clear conviction, without hesitancy, of the truth of the precise facts at issue.

Keefe v. Prudential Prop. and Cas. Ins. Co., 203 F.3d 218, 225 (3rd Cir. 2000); Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3rd Cir. 1997).

Polselli v. Nationwide Mut. Fire Ins. Co., 23 F.3d 747, 752 (3rd Cir. 1994); Delahanty v. First Pennsylvania Bank, N.A., 464 A.2d 1243, 1252-53 (Pa. Super. 1983) (quoting Gerfin v. Colonial Smelting & Refining Co., 97 A.2d 71, 74 (Pa. 1953)).

10.  If there was a reasonable basis for denying the Plaintiff's claim, then even if it is clear that Defendants did not rely on that reason, there cannot, as a matter of law, be bad faith.  In other words, if you find that CUNA relied on a basis for denying Plaintiff's claim that you find was not reasonable, but there was another, reasonable basis for denying Plaintiff's claim, then you must find that CUNA did not act in bad faith.

Livornese v. Med. Protective Co., 219 F. Supp.2d 645, 648 (E.D. Pa. 2002); Williams v. Hartford Cas. Ins. Co., 83 F. Supp.2d 567, 574 (E.D. Pa. 2000), *affirmed without published opinion*, 261 F.3d 495 (3rd Cir. 2001).

11.  The mere denial of a claim in itself is not bad faith conduct.  It is not bad faith conduct if you find that CUNA merely made a mistake or used bad judgment in denying Plaintiff's claim.  It is not bad faith if you find that there was at least one reasonable basis for the decision to deny Plaintiff's claim, but you would have found that benefits should have been paid to Plaintiff.

Keefe v. Prudential Prop. and Cas. Ins. Co., 203 F.3d 218, 225 (3rd Cir. 2000); Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3rd Cir. 1997).

12.  The "bad faith" law (which I have explained to you) is designed to provide a remedy for bad faith conduct by an insurer in its capacity as an insurer and not as a legal adversary in a lawsuit filed against it by an insured.  In this case, CUNA cannot be held liable, under the bad faith law, for any actions or failure to act as an adversary with Plaintiff in this lawsuit.

Ridgeway v. U.S. Life Credit Life Ins. Co., 793 A.2d 972, 976 (Pa. Super. 2002);
O'Donnell ex rel. Mitro v. Allstate Ins. Co., 734 A.2d 901, 909 (Pa. Super. 1999).

13. In considering Plaintiff's claim that CUNA acted in bad faith, I instruct you that none of the conduct by CUNA after the filing of the original Complaint by Plaintiff, including legal positions asserted, can be used to find that CUNA acted in bad faith.

Parker v. Southern Farm Bureau Cas. Ins. Co., 935 S.W.2d 556, 562 (Ark. 1996).

**EXPERTS**

14.  You have heard testimony from a number of experts in this case.  You will recall that Michelle Doherty, Richard Schwartz, and Tim Terry gave testimony as experts in the insurance field.  Dr. Charlotte Lee gave testimony as an expert Medical Director, and John Gencavage testified as an expert in the field of handwriting analysis.

A witness who has special knowledge, skill, experience, training or education in a particular science, profession or occupations may give his opinion as an expert as to any matter in which he is skilled.  In determining the weight to be given to his opinion, you should consider the qualifications and reliability of the expert and the reasons given for his or her opinion.  You are not bound by an expert's opinion merely because he is an expert; you may accept or reject it, as in the case of other witnesses.  Give it the weight, if any, to which you deem it entitled.

Modified Pa. SSJI (Civ) 5.30, Expert Testimony -- Credibility Generally.

15.  In general, the opinion of an expert has value only when you accept the facts upon which it is based.  This is true whether the facts are assumed hypothetically by the expert, or they come from his personal knowledge, from some other proper source, or from some combination of these.

Pa. SSJI (Civ) 5.31, Expert Opinion -- Basis for Opinion Generally.

16.  In resolving any conflict that may exist in the testimony of expert witnesses, you are entitled to weigh the opinion of one expert against that of another.  In doing this, you should consider the relative qualifications and reliability of the expert witnesses, as well as the reasons for each opinion and the facts and other matters upon which it was based.

Pa. SSJI (Civ) 5.33, Weighing Conflicting Expert Testimony.

**GENERAL**

17.  The number of witnesses offered by one side or the other does not, in itself, determine the weight of the evidence.  It is a factor, but only one of many factors which you should consider.  Whether the witnesses appear to be biased or unbiased; whether they are interested or disinterested persons, are among the important factors which go to the reliability of their testimony.  The important thing is the quality of the testimony of each witness.  In short, the test is not which side brings the greater number of witnesses or presents the greater quantity of evidence; but which witness or witnesses, and which evidence, you consider most worthy of belief.  Even the testimony of one witness may outweigh that of many, if you have reason to believe his testimony in preference to theirs.  Obviously, however, where the testimony of the witnesses appear to you to be of the same quality, the weight of numbers assumes particular significance.

Pa. SSJI (Civ) 5.03, Number of Witnesses.

18.  You may find inconsistencies in the evidence.  Even actual contradictions in the testimony of witnesses do not necessarily mean that any witness has been willfully false.  Poor memory is not uncommon.  Sometimes a witness forgets; sometimes he remembers incorrectly.  It is also true that two persons witnessing an incident may see or hear it differently.

If different parts of the testimony of any witness or witnesses appear to be inconsistent, you the jury should try to reconcile the conflicting statements, whether of the same or of different witnesses, and you should do so if it can be done fairly and satisfactorily.

If, however, you decide that there is a genuine and irreconcilable conflict of testimony, it is your function and duty to determine which, if any, of the contradictory statements you will believe.

Pa. SSJI (Civ) 5.04, Conflicting Testimony.

19.  If you decide that a witness has deliberately falsified his testimony on a significant point, you should take this into consideration in deciding whether or not to believe the rest of her testimony; and you may refuse to believe the rest of her testimony, but you are not required to do so.

Pa. SSJI (Civ) 5.05, Willfully False Testimony.

20.  In this case you have heard what the law calls circumstantial evidence. Circumstantial evidence consists of proof of facts, or circumstances, from which it is reasonable to infer the existence of another fact.

(For example, a man may be able to testify that it was snowing at a particular time because he looked outside and saw the snow falling.  It may be, however, that he did not actually see the snow coming down, but if when he gets up one morning and looks outside he sees fresh snow where there was none the night before, he can testify to these facts and the jury may infer that it snowed during the night.)

You may consider circumstantial evidence and you should give it whatever weight you believe it deserves.

Pa. SSJI (Civ) 5.07, Circumstantial Evidence.

## PUNITIVE DAMAGES

21.  If you find that CUNA acted in bad faith in denying Plaintiff's claim in this case, you may consider whether to award Plaintiff punitive damages.  You are not required to award punitive damages even if you find that CUNA acted in bad faith. Punitive damages are not recoverable based solely upon a breach of contract claim.

In order to recover punitive damages, a plaintiff has the burden of proving that the defendant's wrongful conduct was outrageous or egregious, meaning that CUNA's conduct in denying Plaintiff's claim went beyond all standards of what is right or decent. Plaintiff must show that CUNA's representatives acted with an evil motive or reckless indifference to the rights of Plaintiff.

In assessing whether to award punitive damages, you should consider (1) the character of the defendant's act, (2) the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause, and (3) the wealth of the defendant.

Nicholas v. Pennsylvania State Univ., 227 F.3d 133, 147 (3rd Cir. 2000); Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 235 (3rd Cir. 1997); SHV Coal, Inc. v. Continental Grain Co., 587 A.2d 702, 704 (Pa. 1991).

McNEES WALLACE & NURICK LLC

By _____
Michael R. Kelley
Charles T. Young, Jr.
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
Phone:  (717) 237-5322
Fax:  (717) 237-5300

Attorneys for Defendants


Dated:  December 23, 2002

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date the foregoing document was served by first-class mail, postage prepaid, upon the following:

Stephen R. Pedersen, Esquire
214 Senate Avenue, Suite 602
Camp Hill, PA  17011

Catherine Mahady-Smith, Esquire
3115-A N. Front Street
Harrisburg, PA  17110

Michael R. Kelley

Counsel for Defendants
CUNA Mutual Group and CUNA Mutual
  Insurance Society

Dated:  December 23, 2002